## Case No. 11,148.

### PIERCE v. TURNER.

[1 Cranch, C. C. 433.] [1]

Circuit Court, District of Columbia.    July Term, 1807.

JUDGMENTS — MISTAKE — AMENDMENT AT SUBSEQUENT TERM.

A clerical mistake in entering a judgment may be amended at a subsequent term. and an execution issued thereon may be quashed.

This was a motion to set aside a judgment of last term, obtained by mistake of the clerk in entering an appearance of R. I. Taylor, and a confession of judgment in this suit, instead of another, and to quash the execution thereon, there being a good defence—the defendant being sued as executrix de son tort for holding negroes under a marriage settlement.

Mr. Swann, for plaintiff, admitted the facts. Judgment set aside, and execution quashed.

But DUCKETT, Circuit Judge, doubted whether the court could. at this term, set aside a judgment of the last term, even upon a clerical mistake.

[NOTE. This action was subsequently heard on the question whether the slaves were a part of the personal property of Charles Turner at his death, and whether the widow can be charged, as executrix de son tort, in respect thereof. Judgment was rendered for defendant. Case No. 11,149. Affirmed by the supreme court in 5 Cranch (9 U. S.) 154.]

## Case No. 11,149.

### PIERCE v. TURNER.

[1 Cranch, C. C. 462.] [1]

Circuit Court, District of Columbia.    Jan. 7, 1808. [2]

HUSBAND AND WIFE—RECORDING MARRIAGE SETTLEMENT—HUSBAND'S CREDITORS.

A marriage settlement of the intended wife's goods, although not recorded, protects the goods from the creditors of the husband.

This was an action brought by a creditor of Charles Turner, deceased, charging the defendant [Rebecca Turner], as executrix de son tort, under the circumstances stated in a special verdict (set forth in 5 Cranch [9 U. S.] 154,) the substance of which was, that the defendant, before her intermarriage with her late husband, Charles Turner, executed a deed to certain trustees, by which the slaves in question were settled on her and her husband during their joint lives and the life of the survivor, remainder to her heirs. &c., which deed was not proved and recorded within the time prescribed by the fourth section of the

act of assembly of Virginia, of December 13th, 1792 (chapter 90, p. 157), whereby it became void, "as to all creditors and subsequent purchasers;" by virtue of which deed and the consent of the trustees the slaves continued in the possession of Charles Turner during his life, and in that of the defendant afterwards. No person having applied for administration, it was, by the county court of Northumberland, committed to the sheriff of that county, where he died, and where the slaves then were. The sheriff administered the assets, but never claimed these slaves as the estate of the deceased.

The principal question arising upon this special verdict was, whether these slaves were a part of the personal estate of Charles Turner, at his death, and whether the widow can be charged, as executrix de son tort, in respect thereof.

On behalf of the plaintiff it was contended by Mr. Taylor, Mr. Swann, and E. J. Lee, that this property is liable to every creditor to whom it would have been liable if the deed had not been executed; and that if the deed had not been executed the property would, by the marriage. have been vested absolutely in the husband and liable for his debts. That the deed being void, it is as if it had never been executed; and they cited Edwards v. Harben, 2 Term R. 587; 2 Bac. Abr. 605; Bull. N. P. 258; Hawes v. Leader, Cro. Jac. 271, Yelv. 196; Padget v. Priest, 2 Term R. 97; Toll. Ex'rs, 17; 11 Vin. Abr. 211; Read's Case, 5 Coke, 33; Ferrars v. Cherry, 2 Vern. 384; Mertins v. Jolliffe, Amb. 313; Forrester, 187; Lowther v. Carlton, 2 Atk. 242; Sugd. Vend. 488.

F. L. Lee, contra, contended, that if the deed was void as to creditors, it could be void only as to the creditors of Rebecca Kenner, (Mrs. Turner,) not of her husband; for the deed was good between the parties, and effectually prevented the title from vesting in the husband by the marriage. The creditors mentioned in the statute are the creditors of the grantor, not of the grantee. He cited Co. Litt. 351; 4 Vin. Abr. 45, 46; Lady Strathmore's Case, 2 Brown. Ch. 351; 6 Bac. Abr. 386, 391; 1 Inst. 281; 16 Vin. Abr. 203, 205; Miles v. Williams, 1 P. Wms. 257, 258; 4 Vin. Abr. 132; Norton v. Turvill, 2 P. Wms. 144; Bethel v. Stanhope, Cro. Eliz. 810; 1 Fonb. Eq. c. 2, § 6; Prec. Ch. 22; and Eppes v. Randolph, 2 Call. 103.

THE COURT (DUCKETT, Circuit Judge, absent) rendered judgment upon this special verdict, for the defendant.

Judgment affirmed in supreme court of the United States. 5 Cranch [9 U. S.] 154.

PIERCE (UNION IRON CO. v.). See Case No. 14,367.