PEERLESS, The (ENSIGN v.). See Case No. 4,494.

PEESLER v. HABERSTRO. See Case No. 10,884.

PEGGY, The (HERRON v.). See Case No. 6,427.

---

## Case No. 10,906.

### PEGRAM v. UNITED STATES.

[1 Brock. 261.] [1]

Circuit Court, D. Virginia. May Term, 1813.

PRACTICE — SUIT ON JOINT AND SEVERAL BOND— ABSENT DEFENDANTS — PROCEEDING AGAINST THOSE SERVED — AVERMENT THAT ALL ARE IN CUSTODY — EFFECT OF INFERENCES FROM AVERMENTS IN ONE PLEA UPON AVERMENTS OF ANOTHER PLEA.

1. In an action on a joint and several bond against several defendants, some of whom are non-residents of the state in which the suit is brought, and there is a return of "no inhabitants" as to them, the plaintiff may proceed to take judgment against those on whom process has been served.

2. If, in such a case, the plaintiff declares against all the co-obligors, and those on whom process has been served, proceed to trial on the merits, the averment, that all the co-obligors are in custody, though irregular, is not fatal, and will not preclude the plaintiff from obtaining a judgment against such of the co-obligors as are really before the court.

3. As to the extent of the rule, that where there are several pleas, the legal inferences from the averments contained in one plea, have no influence in deciding on the averments of another plea, see the following opinion.

[Error to the district court of the United States for the district of Virginia.]

At law.

MARSHALL, Circuit Justice. This is a writ of error to a judgment rendered in the district court against the plaintiff in error, on a bond, taken by the collector for the district of Petersburg, under the act laying an embargo [2 Stat. 451].

The declaration is joint against all the obligors. The writ was also joint. It was executed on the plaintiff and abated as to the other obligors, on the return, that they were no inhabitants.

---

[1] [Reported by John W. Brockenbrough, Esq.]

It is contended, that this writ was void, since persons over whom the court has no jurisdiction, they being non-residents of the state, are united with one who is a resident, and that being void in part, it is void in the whole. The decision of the supreme court, in the case of a writ brought by plaintiffs, some of whom are citizens of the same state with the defendants, is considered as authority for the proposition urged in this case. Strawbridge v. Curtiss, 3 Cranch [7 U. S.] 267; 1 Pet. Cond. R. 523. But the court is of opinion, that the cases are essentially different. In the case decided in the supreme court, the different members of the company formed one plaintiff, and the incapacity of one of them to come into the courts of the United States, was considered as extending to all the others, and as excluding the case itself from the jurisdiction of those courts. In this case, the jurisdiction of the court is not denied. It is admitted, that a separate action could have been sustained against Pegram, and that the action could have been sustained against them all, if process could have been served on them, or if they had appeared and pleaded to the action. The process, then, is not void ab initio. It is valid in the commencement, and is voidable by facts that afterwards appear. The return operates as a plea in abatement, not because the writ issued erroneously, but because a fact appears, subsequent to its emanation, which disables the court from proceeding against all the parties. If, in such a case, it were necessary to dismiss the suit, and to bring a new action against the party who is an inhabitant, the inconvenience would be great, and no advantage would accrue to the party against whom the new process would issue. In cases where there is no fault in the original process, but the plaintiff does all he can do to bring all the parties before the court, as when he proceeds to outlawry, he is permitted to take judgment against those who are brought before the court. In this case, the plaintiff has done all he could do. The return abated the writ, and he could not proceed to outlawry; nor could he use any means to compel an appearance. It would seem reasonable, then, to place him in the same situation with a plaintiff who proceeds to outlawry, and then takes judgment against the party before the court. Had this bond been joint, and not joint and several, it may well be doubted whether the plaintiff would not have been compellable to have made all the obligors defendants. In such case, where the obligors reside in different states, there would be no court of the United States which could take jurisdiction, unless judgment could be given against one of them, or process issued against all. To suppose the jurisdiction of the federal courts excluded in such a case would be to give the act of congress a very inconvenient and unreasonable construction.

The same principle has been presented in a form somewhat different. It has been contended, that by declaring against parties as being in custody who are not before the court, the plaintiff has committed an error of which the defendant may avail himself after the verdict. That the proceeding is irregular, cannot be doubted or denied. The declaration ought to have conformed to the truth of the case. But if this could be proven, which is by no means certain, it does not follow that advantage may be taken of this irregularity otherwise than by plea. The irregularity does not affect the merits or the justice of the cause. The defendant has gone to trial on the merits, and sustains no injury from the circumstance that his co-obligors are, contrary to the fact, stated to be also in custody. If the plaintiff could have proceeded on this writ, to take judgment against the person arrested, by stating in his declaration, that the other obligors were no inhabitants of Virginia, the averment that they were in custody does not appear to the court to be a fatal averment. Both these points appear to have been settled in the case of Barton v. Pettit [7 Cranch (11 U. S.) 194]; [Riddle v. Moss] 7 Cranch [11 U. S.] 206; 2 Pet. Cond. R. 471. In that case, the supreme court clearly indicated the opinion, that the judgment against Barton alone, on a declaration stating a joint action against Barton and Fisher, might have been sustained, had the return of the officer shown that Fisher was no inhabitant. Although that principle was not necessary to the judgment rendered in that cause, and is, therefore, not of such complete obligation as if the very point had been decided in the main question, yet this court must suppose it to have been argued at bar, and considered by the court, for it is intimately connected with the question on which the cause depended.

A third error assigned in these proceedings is, that on a bond with a collateral condition, judgment has been rendered for the penalty, although it does not appear, either by the bond itself, or by the pleadings, that it was taken in conformity with the statute. In this case, the declaration is on the obligation, as on a single bill. The defendant prays oyer, and pleads five several pleas. In his first plea, he does not state that the bond was taken by the officer, who was authorised by law to take it, and the replication to this plea is general. In each of the remaining pleas, the defendant avers substantially that the vessel was within the district of Petersburg, and that the bond was given to the collector of that district, and then pleads matter in avoidance of such bond. To some of these pleas, the plaintiff demurs; and on the others, takes issue. The demurrers have all been determined against the defendant, and the issues have been found against him. The statute which directs the bond, also directs that it shall be taken by the collector of the district in which the vessel lies. And it is contended, that as it does not appear, by

the pleadings on the first issue, that the bond was taken by the collector of the district where the vessel lay, the court cannot intend it to have been taken by him, and cannot consider it as a statutory bond. It is also contended, that as the matter of one plea cannot be transferred to another, the admission of the defendant in his other pleas, that the bond was taken by the proper officer, cannot aid the plaintiff, so far as respects the judgment of the court on this issue. The rule that legal inferences from the averment of one plea, or the facts as averred in one plea, have no influence in deciding on the averments of another plea, is unquestionably correct. The examples given of payment and a release, or of non est factum, and a release, very well illustrate the rule. So in this case, one plea avers that the bond was taken by the collector of the port, in which the vessel lay, by duress. If another plea had stated that the bond was not given to the collector of the port, the first plea would not have been evidence on the trial of the second issue. But the cases are not thought precisely parallel. The judgment of the court is not rendered on the first plea only, but on the whole record. Every plea has been decided against the defendant, and, consequently this judgment of the court must be rendered against him. The question is, shall this judgment be given as on a statutory bond, or on a bond at common law? The whole record shows that the bond is taken conformably to the statute, and as the judgment of the court must be upon the whole record, it must be for the penalty of the obligation. The judgment cannot regard it as a bond both at common law and under the statute. It must then have the character which the record gives it.

The court would assimilate this case to one in which there were several pleas in bar, one of which was totally immaterial. If the issues be found for the plaintiff, he will have judgment, although had the immaterial issue been the sole issue in the cause, a repleader might have been awarded. The issue, it is true, is not immaterial, but being found for the plaintiff, it forms no bar to the action, and cannot, in the opinion of the court, avail the defendant more than if he had not pleaded it.

No error; judgment affirmed with costs.