## Case No. 1,837.

### BRENT v. COYLE.

[2 Cranch, C. C. 287.][1]

Circuit Court, District of Columbia. April 11, 1822.

NEGOTIABLE INSTRUMENTS—DEMAND—CUSTOM AND USAGE — APPEARANCE — EFFECT AFTER DISCONTINUANCE.

1. According to the usage of the banks in the District of Columbia, it is not necessary to demand payment of a note discounted at any of the said banks until the day after the last day of grace.

[See Bank of Alexandria v. Wilson, Case No. 856.]

2. The discontinuance of a cause, under the Maryland act of 1785, c. 80, for want of an appearance or proceeding for two terms after the suggestion of the death of a party, is cured by the subsequent appearance, trial, and verdict.

At law. Assumpsit, against the indorser of a promissory note discounted at the Patriotic Bank of Washington, for the accommodation of the maker. No demand was

─────

[1] [Reported by Hon. William Cranch, Chief Judge.]

made of payment on the maker until the day after the last day of grace.

Upon the trial, THE COURT (THRUSTON, Circuit Judge, absent), at the prayer of the plaintiff's counsel, instructed the jury "that, if they would believe from the evidence that it was the uniform practice and usage of the Patriotic Bank, and all the banks in the county of Washington since their respective establishment, to demand payment of the makers of the notes discounted by the said banks on the day after the last day of grace, and that this practice and usage were known to the defendant [Andrew Coyle], and that he indorsed the said note with a knowledge of the said practice and usage, and for the purpose of being discounted at some one of the said banks, to renew, or to be substituted for, another note or notes before that time discounted by such bank, and with the understanding and expectation that if the said note should not be duly taken up at maturity, it was to be proceeded with by such bank, or by the holder of such note according to the practice and usage aforesaid, by being presented for payment and demanded of the maker on the day after the last day of grace as aforesaid, and not sooner; and that the note, now in suit, was so proceeded with, presented, and demanded, then the plaintiffs are not precluded from recovering in this action upon the said note by reason of the omission to demand payment of the maker of the said note before the said day after the last day of grace as aforesaid."

To this instruction the defendant took a bill of exceptions, and obtained a writ of error, but did not prosecute it, as the plaintiffs agreed to stay execution until the cases of Renner v. Bank of Columbia [Case No. 11,699], and Magruder v. Bank of Washington [Id. 8,963], which were decided in this court, at this term, upon the same question of demand and notice, should be decided in the supreme court. In those cases (9 Wheat. [22 U. S.] 581, 598) the judgment of this court was affirmed. After the verdict in this cause, the defendant's counsel, Mr. Ashton, moved in arrest of judgment, "because this suit was instituted in June term, 1818, and at June term, 1820, the death of Robert Brent, the original plaintiff was suggested, and there was no appearance entered for the executors until after October term, 1821, in consequence of which the said suit ought to have abated." The Maryland act of 1785, c. 80, § 1, provides that upon the death of a party, "in case there be no appearance or proceeding by either party, in any case aforesaid, before the tenth day of the second court after the death shall be suggested, then the action shall be struck off the docket, and discontinued."

Mr. Ashton, for the defendant, contended that the action was, by the statute, actually discontinued for want of appearance, and further proceeding before the tenth day of

the second term after the suggestion of the death of the plaintiff, and the cause ought not to have been brought forward on the docket.

Mr. Law and Mr. Randall, contra, contended that the act of 1785, c. 80, applies only to cases where there is no appearance on either side, the previous clauses of the act having provided for the case of the death of one of the parties. The words are, "in case there be no appearance or proceeding by either party;" but here there has been constantly an appearance of one party and a proceeding, that is, a continuance at the request of the defendant. But if there was a legal discontinuance, the objection comes too late after verdict. The defendant, by going to trial has waived the discontinuance. By the statute of jeofails the defect is cured by the verdict. After verdict, judgment shall not be arrested on account of a discontinuance. 1 Com. Dig. 460, 462, tit. "Amendment;" 5 Com. Dig. 538, tit. "Pleaders," S. 47; Tid. Pr. 835, 888.

THE COURT (THRUSTON, Circuit Judge, contra) informed Mr. Ashton that the construction given by him to the act of 1785, c. 80, was that which had been uniformly given by the courts of Maryland, and requested him to confine his argument to the question whether the discontinuance can be taken advantage of after verdict.

Mr. Ashton and Mr. Jones, in reply, contended that the writ was abated, and therefore no judgment could be rendered. 5 Com. Dig. 537; Salk. 77. After the death of R. Brent, the cause could not be continued by consent, and the court could not continue it beyond the tenth day of the second term after the suggestion of the death.

THE COURT, after several days' consideration, was of opinion (nem. con.) that the discontinuance was cured by the verdict. A writ of error was taken, but not prosecuted.

[NOTE. For subsequent proceedings and denial of motion to quash the execution, see Case No. 1,838.]