A. R. GRAY, The.   See Case No. 10,949.

ARGUELLES, (ALLEN v.)   See Case No. 213.

ARGUELLES, (LENOX v.)   See Case No. 8,244.

---

## Case No. 520.

### ARGUELLES v. WOOD.

[2 Cranch, C. C. 579.][1]

Circuit Court, District of Columbia.  May Term, 1825.

LANDLORD AND TENANT — ORDER FOR RENT—ACCEPTANCE—ACTION—VERDICT OF JURY—AMENDMENT—ARREST OF JUDGMENT.

1. If the landlord draws an order on his tenant, on account of rent, and the tenant accepts, but does not pay it when due, and suffers himself to be sued for it by the payee, he is not entitled to set it off, under the plea of no rent arrear, in an action of the replevin, if the landlord, at the trial of the replevin, produces the order cancelled, and offers to surrender it to the tenant and to pay the costs of the suit brought upon it.

2. If the jury find the amount of the rent arrear in damages, without stating it to be the amount of the rent, the court will permit the verdict to be so amended by the clerk, after the jury have rendered their verdict and retired from the bar, and even after another cause has been tried. And upon such a verdict the court will award a retorno habendo; and will not arrest the judgment because the jury have not found the value of the distress taken.

---

[1][Reported by Hon. William Cranch, Chief Judge.]

At law. Replevin. Avowry for rent-plea, no rent arrear, and issue. The defendant had drawn an order on the plaintiff on account of the rent, in favor of R. Smith, for $87.50, which was accepted by the plaintiff. This was outstanding at the time of the distress, and was not credited. The amount distrained for was $175, on the 7th of August, 1823. Suit was brought by Mr. Smith against the plaintiff upon her acceptance in November, 1823. She now claims credit for this sum of $87.50, against the rent. The defendant produces the acceptance and offers to cancel and surrender it, and to pay the costs of the suit of Smith v. Arguelles.

THE COURT (MORSELL, Judge, contra) was of opinion that the plaintiff could not now receive credit for that acceptance; it being sufficient for the defendant, at this trial, to produce and cancel the acceptance.

MORSELL, Circuit Judge, was of opinion, that if the acceptance was received by Wood as payment of so much of the rent, the plaintiff was now entitled to the credit, as it was not produced and cancelled, or tendered at, or before, the time of the distress. See Chit. [Bills,] p. 130, note 1; Phil. [Ev.] (Ed. 1821;) Harris v. Johnston, 3 Cranch. [7 U. S.] 311; Sheehy v. Mandeville, 6 Cranch, [10 U. S.] 253; Clark v. Young, [1Cranch, (5 U. S.) 191,] and other cases cited in the note in Chit. [Bills,] p. 130.

The jury found their verdict for the defendant; damages $140, with interest from the 20th of July, 1824. After the verdict was taken down by the clerk, and before the jury separated, Mr. Ashton, for the defendant, suggested a doubt whether the verdict was correct, but did not then make any specific motion to amend it, and the court went into another trial, and the jurors in this case retired from the bar and separated. After the trial of the next cause, Mr. Hall and Mr. Ashton, moved for leave to amend the verdict, by stating that the $140 was the amount of the rent arrear, and

THE COURT (CRANCH, Chief Judge, doubting) permitted the amendment to be made. After the amendment was made, stating that the jury found one cent damages for defendant, that the rent arrear was $140, with interest, &c., Mr. Jones, for the defendant, moved in arrest of judgment, and contended that the verdict was not good at common law, nor under the statute of 17 Car. II. c. 7, because it has not found the value of the goods distrained; for by the statute the judgment for the defendant must not exceed the value of the distress. 2 Selw. N. P. 1144; Freeman v. Archer, 2 W. Bl. 763; Rees v. Morgan, 3 Term R. 349.

Mr. Ashton, contra. An avowry was a proceeding at common law, and if the verdict is for the defendant, the regular judgment at common law is for a writ de retorno habendo. The finding of the amount of the rent arrear, does not injure it as a common

law verdict. It is surplusage; and we ask only the common law judgment of retorno habendo. Ham. N. P. 493: Rees v. Morgan, 3 Term R. 349. The verdict cannot now be amended so as to justify the statute judgment, but we are entitled to judgment at common law.

THE COURT (nem. con.) ordered judgment to be entered for the writ de retorno habendo.