CORCORAN (BROWN v.). See Case No. 1,-999.

CORCORAN (DAWES v.). See Case No. 3,-664.

## Case No. 3,227.

### CORCORAN v. DOUGHERTY.

[4 Cranch, C. C. 205.] [1]

Circuit Court, District of Columbia. May Term, 1832.

PAROL EVIDENCE TO VARY WRITTEN CONTRACT—CURE OF DEFECTIVE PLEADING BY VERDICT.

1. It is competent for the defendant in an action upon a special contract in writing not under seal, to prove a parol condition not stated in the written contract.

2. If there are mutual promises, not dependent on each other, the omission to state in the declaration, performance of that made by the plaintiff, is cured by the verdict.

Assumpsit upon the following special agreement in writing: "Georgetown, May 14th, 1830. I hereby agree to purchase of James Corcoran a part of his stock of dry goods; namely, all cotton, silks, and other goods, the cloths, cassimeres, flannels, baizes, and blankets excepted, at a discount of thirty-five per cent. from the original cost, and in payment of the same agree to substitute my paper in the Union Bank in lieu of his with such security as will be satisfactory to the said bank for the amount of such stock purchased. Wm. Dougherty."

Mr. Key and R. S. Coxe, for defendant, offered to prove by the testimony of witnesses, that, at the time the defendant signed the written contract, and delivered it to the plaintiff, the defendant said, "This purchase, you are to understand is made, and I am to comply with this agreement only in case of your getting the store for me," and that the plaintiff took the paper, saying, "Yes, I am to get you the store, otherwise not to hold you to the purchase;" and cited 4 Starkie, 1003, and Farewell v. Coker, 2 Mer. 353.

Mr. Swann and Mr. Marbury, for plaintiff, cited 4 Starkie, 1009, 1048, 1049, and note g, p. 1049.

THE COURT (nem. con.) permitted the evidence thus offered by the plaintiff's counsel, to be given to the jury. Verdict for the plaintiff, $405.71.

Mr. Coxe and Mr. Key, for the defendant, moved for a new trial, 1. Because the verdict is against evidence. 2. Because it is a verdict without evidence. They also moved in arrest of judgment, 1. Because the declaration is insufficient. 2. Because the two last counts are insufficient. 3. Because the verdict is general, and one of the counts is insufficient. They objected to the third count because it does not aver that the plaintiff had guarantied to the defendant the occupation of the store. Worsley v. Wood, 6 Term R. 719; 1 Chit. 313.

Mr. Marbury, contra, contended, that the promise of the plaintiff respecting the store, was an independent agreement subsequently to be performed; but if it is not, the want of the averment of it in the declaration is cured

[1] [Reported by Hon. William Cranch, Chief Judge.]

by the verdict. Upon the first point he cited Bennet v. Pixley, 7 Johns. 250; Campbell v. Jones, 6 Term R. 570; Humble v. Bland, Id. 257; Walker v. Harris, 1 Anst. 245; Jones v. Barkley, Doug. 690; and Turner v. Goodwin, 10 Mod. 190. And upon the second point, namely, that the omission was cured by the verdict. Collins v. Gibbs, 2 Burrows, 900; Sellon, Pr. 499; 1 Chit. Pl. 319; Worsley v. Wood, 6 Term R. 715; 2 Saund. 228, note b; Rawson v. Johnson, 1 East, 203, 209.

THE COURT overruled both motions; being of opinion that the verdict was not against nor without evidence; and that the declaration was cured by the verdict. (CRANCH, Chief Judge, doubting as to this point.)