## Case No. 3,945.

### DOBSON v. CAMPBELL.

[1 Sumn. 319; 1 Robb, Pat. Cas. 681.][1]

Circuit Court, D. Maine. May Term, 1833.

PATENTS—DECLARATION UPON ASSIGNMENT—DEFECTS CURED BY VERDICT.

1. If the declaration upon an assignment of a patent right omit to state, that the assignment has been duly recorded in the state department, the defect is cured by a verdict for the plaintiff.

[Cited in Boyd v. McAlpin, Case No. 1,748; Van Hook v. Wood, Id. 16,854.]

2. Where a fact must necessarily have been proved at the trial to justify the verdict, and the declaration omits to state it, the defect is cured by the verdict, if the general terms of the declaration are otherwise sufficient to comprehend the proof.

[Cited in Townsend v. Jemison, 7 How. (48 U. S.) 721.]

Case for infringement of a patent right for the double reflecting baker, brought by the plaintiff [Isaac Dobson], as assignee of the patent. The declaration, after alleging the obtaining of a patent by one Williston, proceeded: "The said Williston did always, from the time of making and granting the said letters patent, as aforesaid, exercise and enjoy the right, privilege, and liberty aforesaid, to wit, at Norwich aforesaid, until the 20th day of June, in the year of our Lord one thousand eight hundred and thirty-one, to great profit and advantage, when the said Williston, for a valuable consideration, by his writing under his hand of that date, sold and conveyed all his right and claim in said patent right to one John Robinson of Norwich aforesaid; as by said assignment in writing, in court to be produced, will fully appear; whereby the said John Robinson, as assignee of said Williston, became and was the true and lawful owner of said right, so as aforesaid patented, with the full and sole power in him, his heirs, administrators, and assigns, to make, use, and vend to others to be used, the said new and useful improvement, agreeably to the statutes aforesaid recited. And the plaintiff farther says, that the said Robinson did always, from the time of making and executing the said assignment as aforesaid, exercise, use, and enjoy the right, liberty, and privilege aforesaid, to wit, at Norwich aforesaid, until the twenty-ninth day of July, in the year of our Lord one thousand eight hundred and thirty-one, when the said Robinson, by assignment of that date under his hand and seal, and in court to be produced, for a valuable consideration therein expressed, did grant, sell, and convey all his right, title, and interest in the said letters patent, and improvement therein specified and set forth, to the plaintiff, his heirs, and assigns. And the plaintiff farther says, that he, the said plaintiff, from the time of making and executing said last mentioned assignment, did use and enjoy the right, liberty, and privilege aforesaid, to wit, at Norwich aforesaid, to wit, at Portland and Bangor in said district of Maine, and has exercised, used, and enjoyed the same right, liberty, and privilege to the day of the purchase of this writ by himself and servants, and his deputies, to his great profit and advantage, to wit, at Portland and Bangor. Yet the defendant." &c.

At the trial upon the general issue the plaintiff obtained a verdict; and now Mr. Sprague, for defendant [Benjamin Campbell], moved in arrest of judgment, upon the ground, that the declaration was substantially defective. He argued as follows: The case presented is not a case of a title defectively stated, but the statement of a defective title. There is a material difference in the allegations with respect to the rights of Robinson, the first assignee, and of the plaintiff, the second assignee. As to Robinson, it is indeed alleged, that "he became and was the true and lawful owner of said right," which general assertion of title might have been sufficient after verdict, if he had not himself narrowed it, by setting forth specifically what his title was, namely, the assignment only, adding, "whereby he became and was," &c. This is alleged to be his title; the conclusion is whereby, &c., excluding the recording and all other facts, but such as are stated, as constituting title. It is the statement of a defective title, if any other requisite, not specified before the whereby, is essential. Such a requisite is the recording. The allegation, that Robinson "used, exercised, and enjoyed" the right aforesaid, adds nothing to avail the plaintiff. It is "that from the time of making and executing the said assignment, as aforesaid, did exercise," &c. 1st. It is mere use, which might be with the temporary assent of the patentee; it certainly does not embrace a recording, &c. 2d. The right aforesaid. 3d. From the time of assignment, excluding any other act or interval of time. 4th. Assignment as aforesaid. In the statement of the title of the plaintiff, the important allegation, that he "became and was the true and lawful owner of said right," is wholly omitted; and no such allegation, nor any allegation, that the plaintiff ever became the lawful owner of the right, is to be found in the declaration. The title, which the plaintiff has from Robinson, is stated, namely, a written assignment under seal. This is a defective title; the recording in the office of the secretary of state being essential, and made so expressly by statute. St. 1793, c. 156, § 9. The allegation, that the plaintiff "used, exercised, and enjoyed," is subject to the same remarks, that have been applied to Robinson's title, with this striking addition, that the plaintiff adds, that said use, &c. was "by himself, and servants, and deputies," demonstrating, that it is the uses merely, that is intended, not the legal title. The following cases relate to

the point under consideration: Kingsley v. Bill, 9 Mass. 198; in error after verdict, omission to allege publication of an award; Stilson v. Tobey, 2 Mass. 521, arrest of judgment; Com. v. McCurdy, 5 Mass. 324; Brent's Ex'rs v. Bank of Metropolis, 1 Pet. [26 U. S.] 89–93; Lynn v. Mechanics' Bank of Alexandria, Id. 67, 68; Cutting v. Myers [Case No. 3,520]; an averment more specific than necessary must be proved as made. The Friendship [Id. 5,124]; Renner v. Bank of Columbia, 9 Wheat. [22 U. S.] 581; Wilson v. Lenox, 1 Cranch [5 U. S.] 195. The true rule is laid down by Buller, J., in Spieres v. Parker, 1 Term R. 145; and also, in other language, in Smith v. U. S. [Case No. 13,122]. In the case before the court, the verdict does not find or assert the fact of recording the assignments, because it is nowhere alleged by itself, nor comprised in any other allegation. All the facts alleged in the declaration may be true, and yet no record ever made. The allegation, that there was an "assignment," or that the right was "assigned," does not embrace a recording. The assignment is one thing, the recording of that assignment is another, and so clearly distinguished by the statute. It is not like stating, that the plaintiff had a grant by deed, without stating a delivery; delivery, being of the essence of a deed, may be considered as comprised in the allegation of a grant, or conveyance by deed. It is perhaps more analogous to the recording of a levy of an execution on real estate, or the registry of a deed. Calvert v. Bovill, 7 Term R. 523, decided on the ground, that a statement of particular facts excludes the idea, that other facts are embraced; Bishop v. Hayward, 4 Term. R. 470–472, per Buller, J.; Da Costa v. Clarke, 2 Bos. & P. 257–259.

Fessenden & Greenleaf, for plaintiff.

The point to which we shall confine ourselves is, that the plaintiff has not directly averred in his declaration, that the assignments, from the original inventor to Robinson, and from Robinson to the plaintiff, were recorded, as required by the fourth section of the statute of 1793, and on this ground it is moved to arrest the judgment after verdict. In Smith v. U. S. [supra,] the court say: "It is a general rule, that wheresoever it may be presumed, that any thing must of necessity be given in evidence, the want of mentioning it in the record will not vitiate it, after a verdict." In Jackson v. Pesked, 1 Maule & S. 237, Lord Ellenborough says: "Where a matter is so essentially necessary to be proved, that, had it not been given in evidence, the jury could not have given such a verdict, there the want of stating that matter in express terms in the declaration, provided it contains terms sufficiently general to comprehend it in fair and reasonable intendment, will be cured by a verdict." In Sergeant Williams' notes to 1 Saund. 228a, it is said, in relation to the same subject, "that where there is any defect, imperfec-

tion, or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet, if the issue joined be such as necessarily required on the trial proof of the facts, so defectively or imperfectly stated, or omitted, and without which it is not to be presumed, that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission, is cured by the verdict by the common law."

It is believed, that an examination of the case at bar, upon the principles above stated, will result in establishing the sufficiency of the plaintiff's declaration, in the present stage of the case. The section of the statute before cited renders it necessary, that an assignment should be recorded, in order that the assignee may "stand in the place of the original inventor, both as to right and responsibility." Thus the recording is by the words of the statute rendered necessary, in order that the assignee may support an action for the breach of the patent, in his own name. Without proof of such recording, a paper purporting to be an assignment could not be given in evidence. It would, in fact, be no assignment within the words of the statute. The same principle applies to this, as to an instrument required by law to be stamped. If not stamped, it could not be given in evidence, and this is all the effect which results from it. The fact, that such an instrument was "stamped," is never averred. In relation to the assignment to Robinson, it is averred, that Williston, by his writing, "sold and conveyed all his right," &c. "as by said assignment, &c. will fully appear," "whereby the said Robinson became and was the true and lawful owner of said right." Now, by the express words of the statute, the recording was indispensable to convey the right. "Stand in the place of the original inventor" are the words of the statute; and the allegation is, that Williston conveyed "all his right." Again, the allegation is, that thereby the said Robinson became and was "the true and lawful owner." He could not become so, unless said assignment had been recorded. Again, it is averred, that he exercised the "right, liberty, and privilege aforesaid." What right, liberty, and privilege? That which was secured to Williston by the patent, who had conveyed "all his right" to Robinson. Another averment here made is, that, by said conveyance, Robinson received "the full and sole power" to make, vend, &c. Had not the requisite of recording been complied with, he could not have received such a power. Any one might have exercised it, so far as he was concerned, without remedy for him. Again, he became seised of this power "agreeably to the statutes aforesaid recited." By these statutes recording is essentially requisite. This averment, it is believed, would be sufficient of itself, had the others, above referred to and relied on, been wanting. The averments in the plaintiff's

declaration, touching the assignment of Robinson to the plaintiff, are substantially the same. It is averred, that Robinson conveyed "all his right," and that in consequence the plaintiff did use and enjoy the "right," and has used it. It will be noticed, that, in the assignment of Williston to Robinson, is the expression, "the right so as aforesaid patented," and then in the assignment to the plaintiff is found the expression, the "right, &c., aforesaid," referring to the right mentioned in the first assignment. This right is in both instances alleged to be conveyed. All the right is conveyed to Robinson, and then all the right is conveyed to the plaintiff. If, then, the statute makes the recording necessary to the conveyance, these allegations are of themselves sufficient. At all events, these allegations are sufficient after verdict. These assignments could not have been given in evidence, had they not been recorded, and the fact, that they were so, is not denied.

In the language of the court, in the case cited from Gallison, the recording "must of necessity have been given in evidence." It was "so essentially necessary to be proved, that, had it not been given in evidence, the jury could not have given such a verdict." The issue joined was "such as necessarily required, on the trial, proof of the fact." Without such proof, "the judge could not have directed the jury to give, neither could the jury have given the verdict." The general issue being pleaded and joined, the "right" claimed by the plaintiff was directly denied, and it was necessary for him to prove any thing rendered necessary by the statute to the existence of such right; and the existence of such right is found by the verdict. See, also, Hitchin v. Stevens, 2 Show. 233, and the other cases cited in the note of Sergeant Williams, before referred to.

STORY, Circuit Justice. We are of opinion, that the motion in arrest of judgment ought to be overruled. We accede to the doctrine stated at the bar, that a defective title cannot after verdict support a judgment; and therefore it constitutes a good ground for arresting the judgment. But the present is not such a case; but is merely the case of a good title defectively set forth. The defect, complained of, is the omission to state, that the assignments, on which the plaintiff's title is founded, were duly recorded in the office of the department of state, which is made essential to pass the title of the original patentee by the fourth section of the patent act of the 21st of February, 1793, c. 55 [1 Stat. 318]. The general principle of law is, that, where a matter is so essentially necessary to be proved, to establish the plaintiff's right to recovery, that the jury could not be presumed to have found a verdict for him, unless it had been proved at the trial, there the omission to state that matter in express terms in the declaration is cured by the ver-

dict, if the general terms of the declaration are otherwise sufficient to comprehend it. This was the doctrine of Lord Ellenborough in Jackson v. Pesked, 1 Maule & S. 234; and it is very elaborately expounded by Mr. Sergeant Williams in his learned note to 1 Saund. 228a. The other authorities cited on behalf of the plaintiff are to the same effect. Now, it seems to us, that taking the whole declaration together, (however inartificially drawn,) the plaintiff sets up a title to the patent right by assignment, and an enjoyment and use of the right under that title, and that he has been injured in that right under that title, by the piracy of the defendant. This cannot be true, nor could a verdict for the plaintiff have been found by the jury, if the deeds of assignment had not been duly recorded; for, unless that was done, nothing would pass by the deeds. The cases of Hitchin v. Stevens, 2 Show. 233, and Mackmurdo v. Smith, 7 Term R. 518, cited at the bar, seem to us very strongly in point. So is France v. Tringer, Cro. Jac. 44. There are stronger analogous cases in equity; for it has been held, that if a feoffment is stated without any averment of livery of seisin, or a bargain and sale without stating an enrolment, it is not a good cause of demurrer, but the court will intend it perfect. Harrison v. Hogg, 2 Ves. Jr. 323, 328. As to livery of seisin, it is far from being certain, that, if a feoffment is in terms pleaded, it is necessary, even at law, to aver it, since it is implied. See Co. Litt. 303b; Throckmerton v. Tracy, Plow. 145. See Spieres v. Parker, 1 Term R. 145, per Buller, J.; 1 Saund. 228a, Williams' note. Upon the whole, judgment must be entered for the plaintiff according to the verdict. Judgment accordingly.