## Case No. 2,059.

### BRUSH et al. v. ROBBINS.

[3 McLean, 486.] [1]

Circuit Court, D. Michigan. Oct. Term, 1844.

AMENDMENT—AT COMMON LAW.

1. At common law an amendment might be made whilst the proceedings were in paper.

2. A judgment of a previous term cannot be set aside on motion.

[Cited in Sprague v. Litherberry, Case No. 13,251; Edwards v. Elliott, 21 Wall. (88 U. S.) 552; U. S. v. Millinger, 7 Fed. 189; U. S. v. Walsh, 22 Fed. 648.]

3. Amendments in England, under their statutes, constitute no rule for the courts in this country.

At law.

Mr. Hand, for plaintiff.
Mr. Emmons, for defendant.

OPINION OF THE COURT. A motion is made to set aside a judgment between the above parties, rendered at October term, 1842. This is opposed, on the ground that a final judgment cannot be set aside on motion, after the expiration of the term at which it was entered.

At common law, whilst the proceedings are in paper, an amendment could be allowed, and a judgment could be set aside before the adjournment of the term at which it was entered: but, at a subsequent term, the court had no power to change the record of a previous term. T. Raym. 38; 2 Strange, 1110. By various statutes in England and in this country, power is given to the courts to amend in many cases, which they could not exercise at common law. In New York, the court set aside judgments entered at a previous term, for irregularity, on motion. There can be no doubt, that such a judgment may be set aside, if it be a mere nullity. But if it be a judgment on which an execution may issue, and the objection be an error of proceeding which an appellate court may correct, it cannot be set aside, after the term at which it was entered. In Cameron v. McRoberts, 3 Wheat. [16 U. S.] 591, the court held, "that the circuit courts have no power to set aside their decrees in equity on motion, after the term at which they were rendered." A decree, in this respect, stands upon the same ground as a judgment. A mistake in a clerical entry may be corrected at any time. But that which entered into the consideration of the court, and constitutes a part of the judgment, cannot be changed after the term.

The late decisions in England, under their statutes, constitute no rule for the action of

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

courts in this country. Our statutes extend the power of amendment, in many respects, as far as the English statutes; but it has not been decided, under the acts of congress, that the court may set aside a judgment of a previous term on motion. Such a power might be dangerous, and it does not appear to be necessary for the attainment of justice. The motion is overruled.

[NOTE. A motion to correct or amend a judgment in any respect other than in respect to mere mistakes or clerical errors must be made at the term at which the judgment was rendered. Bank of U. S. v. Moss, 6 How. (47 U. S.) 31; Medford v. Dorsey, Case No. 9,389; McClelland v. Fosbender. Id. 8.695; Wood v. Luse, Id. 17,950; Bradley v. Eliot, Id. 1,778; Crabtree v. Neff, Id. 3,315; Doubleday v. Sherman, Id. 4,019; Sibbald v. U. S., 12 Pet. (37 U. S.) 488; Scott v. Blaine, Case No. 12.525; McMicken v. Perin, 18 How. (59 U. S.) 507; Bank v. Labitut, Case No. 842; Coleman v. Neill. 11 Fed. 461; Jenkins v. Eldredge, Case No. 7,269. For cases in which the judgment has been vacated or corrected after the term for the reason of irregularity, mistake. surprise or the like, see Crookes v. Maxwell, Case No. 3,415; U. S. v. Bennett, Id. 14,573; Jones v. Kemper, Id. 7,472; U. S. v. McKnight, Id. 15,695; Lytle v. Fenn, Id. 8,651; Pierce v. Turner, Id. 11,148; Shuford v. Cain, Id. 12,823; Slicer v. Bank of Pittsburg, 16 How. (57 U. S.) 571; Doggett v. Emerson, Case No. 3,961; Newton v. Weaver, Id. 10,193; Homans v. Coombe, Id. 6.653; Ringgold v. Elliot, Id. 11,844; Figh v. U. S., 3 Ct. Cl. 97.]