## Case No. 5,781.

### GREENLEAF v. SCHELL.

[Nowhere reported; opinion not now accessible.]

---

## Case No. 5,782.

### GREENLEAF et al. v. SCHELL.

[6 Blatchf. 225.] [1]

Circuit Court, S. D. New York. Oct. 19, 1868.

CUSTOMS DUTIES—ACTION TO RECOVER PAYMENTS —PROOF OF PROTEST—VERDICT BY CONSENT.

1. In a suit brought against a collector of customs, to recover back duties paid under protest, it is, under the act of February 26, 1845 (5 Stat. 727), an indispensable item of proof, to be made by the plaintiff, on the trial of the suit, that such a protest as that act requires was made.

2. Where the verdict in such a suit is that, by consent of counsel, the jury find for the plaintiff, "for the amount, with interest, of the excess of duties paid under protest, on more than two per cent. commission on all importations specified in the bill of particulars in this cause, from the continent of Europe, except Paris, the amount to be adjusted by the clerk of this court or his deputy," and the clerk reports that, according to his adjustment the plaintiffs are entitled to judgment for a sum named, the report cannot be excepted to on the ground that the duties are shown to have been paid by a certain firm, and that the plaintiffs did not prove before the referee that they composed that firm when the duties were paid, or that they alone paid the duties.

[Cited in Simpson v. Schell, 14 Fed. 287.]

3. Even if such objection be not one which ought to have been taken by plea in abatement, as being an objection that some party who ought to have been joined as a plaintiff in the suit, was not joined, the verdict cures any defect in that regard.

4. Such verdict must be considered as being also an order of reference made by the court and entered in its minutes, and confines the action and duty of the referee to an arithmetical adjustment and computation of amounts, on the basis of computation prescribed in the verdict.

5. Under such verdict, the plaintiff is not required to prove before the referee that the duties were paid under protest.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

This was an action [by Richard C. Greenleaf and others] against [Augustus Schell] the collector of the port of New York, to recover back an excess of duties alleged to have been paid to him under protest.

Almon W. Griswold, for plaintiffs.
Simon Towle, for defendant.

BLATCHFORD, District Judge. The foundation of any claim by the plaintiff in such an action as this, is, that. the alleged illegal duties exacted by the collector must have been paid under a proper protest. The act of February 26, 1845 (5 Stat. 727), provides, that no action shall be maintained against any collector, to recover the amount of duties paid under protest, "unless the said protest was made in writing, and signed by the claimant, at or before the payment of said duties, setting forth distinctly and specifically the grounds of objection to the payment thereof." In such a suit, therefore, it is an indispensable item of proof to be made by the plaintiff, on the trial of the suit, that such a protest as the statute requires was made. Such proof may be made by producing the protest, and showing when it was made, or by proving its contents and when it was made, if it be lost, or by the admission and consent of the defendant in proper form, in open court or otherwise, that such a protest was made. In the present case, the issue, which was raised by the plea of. the general issue to the declaration, was tried before this court and a jury, on the 26th of February, 1864. The verdict of the jury was in these words: "By consent of counsel, the jury find a verdict for the plaintiffs in the above-entitled cause, for the amount, with interest, of the excess of duties paid under protest, on more than two per cent. commission on all importations specified in the bill of particulars in this cause, from the continent of Europe, except Paris, and on more than one and a half per cent. commission on importations from Great Britain, and a like verdict for the excess of duty paid under protest, on the importations specified in the bill of particulars in this cause, upon charges, above those set forth in the reports of Isaac Phillips, appraiser, dated October 13th, 1856, and of the several subsequent dates, as modified by treasury instructions dated May 21st, 1863, the amount to be adjusted by the clerk of this court or his deputy." The adjustment under this verdict has proceeded before the clerk, and he, by his report, filed October 3d, 1868, reports, that, according to his adjustment, the plaintiffs are entitled to judgment on the verdict, for $338.85 principal, and $270.23 interest—in all, $609.08. The defendant has excepted to the report on two grounds, and the exceptions have been argued on the report. and on the record of the testimony and proceedings on the reference.

1. The first exception is, that the duties are shown to have been paid by the firm of C. F. Hovey & Co., and that the plaintiffs did not prove before the referee that they composed that firm when the duties were paid, or that they alone paid the duties. It is too late to take this objection. The point of the objection is, that some party who ought to have been joined as a plaintiff in the action, was not joined. Even if this objection be not one which ought to have been taken by plea in abatement, the verdict cured any defect in this regard. Independently of this, I regard the verdict, which must be considered to be also an order of reference made by the court and entered in its minutes, as confining the action and duty of the referee solely to an arithmetical adjustment and computation of amounts, on the basis of computation prescribed in the verdict, and as affirming that the plaintiffs are entitled to the judgment which will follow the verdict, for the· excess, to be so computed, of duties paid on the importations specified in the bill of particulars. If some parties other than the plaintiffs paid such duties, so as to be really entitled to ·the return of them, it was for the defendant to show that fact on the trial before the jury. At all events, the referee had nothing to do with that question, under the terms of the reference to him.

2. The second exception is, that the plaintiffs did not prove before the referee that the duties in question were paid under protest. In regard to this exception, the defendant insists that the terms of the verdict require that the plaintiffs shall make proof before the referee that the duties were paid under protest. I do not so understand the verdict. I understand it to affirm, that the excesses of duties paid, if any such excesses shall be found, by the computation and adjustment of the referee, to have been paid, on the importations specified in the bill of particulars, were paid under protest. Unless they were paid under protest, there could be no verdict for the plaintiffs, because, by the express provision of the act of 1845, before referred to, no action for them would lie. Proof of such payment under protest laid at the threshold of the plaintiffs' case at the trial, and, unless such proof was made, it was the duty of the court to instruct the jury that the plaintiffs could not recover. Such proof could be made as well by the admission and consent of the attorney for the defendant as in any other way. In the present case, it appears by the verdict to have been made by such admission and consent. The verdict must be held, in the absence of any reservations in it, to cover every thing which the plaintiffs would have been obliged to prove, on the issue joined, to entitle themselves to a verdict. The verdict here covers every thing but the amounts of the excesses. As to those, the referee is to compute them, on the specific basis set forth in the verdict. But he has no other duty to perform.

It frequently happens, that, in a verdict in a suit to recover back duties paid under

protest, the verdict is expressly made, on its face, subject to the opinion of the court as to the sufficiency of the protest, or that the verdict provides, that, if it shall appear, on the adjustment by the referee or otherwise, that the question of the timeliness of the protest, or the question of a prospective protest, is involved, the verdict shall be opened. But there is no such reservation in the verdict now in question. That being so, the parties cannot, on the hearing before the referee, or by exception to his report, go back of the verdict, or go at all into any questions in regard to the protest.

This question has been heretofore settled by this court. In the case of Lottimer v. Redfield [Case No. 8,522], decided by Mr. Justice Nelson, in December, 1863, the verdict of the jury, which was given on the 2d of May, 1861, was in form precisely like the verdict in the present case, and was a verdict by consent, and the court held that the verdict was conclusive upon the referee as to the protest. The exceptions to the report are overruled.