## GAY *v.* JOPLIN.[*]

(*Circuit Court, E. D. Missouri.* October 18, 1882.)

1. EVIDENCE—BURDEN OF PROOF.

    Where, in a suit for rent, the defendant admits the fact of the tenancy at the rate stated in the petition, the burden of proof is upon him to show that the rent has been paid.

2. LANDLORD AND TENANT.

    In the absence of any agreement, a tenant is not entitled to compensation for improvements voluntarily placed by him upon the leasehold.

3. PRACTICE—AMENDMENT OF VERDICT—REV. ST. § 954.

    Section 954 of the Revised Statutes of the United States authorizes the amendment of informal verdicts, so as to make them conform to technical requirements.

Suit for Rent. Motion for new trial.

    * Reported by B. F. Rex, Esq., of the St. Louis bar.

The petition in this case sets out in form three distinct causes of action, viz., the balance of rent due for each of three successive years under a lease from year to year. The answer sets up a counter-claim for work done upon the leased property during the period of the tenancy by the lessee, at the lessor's request.

The case was tried before a jury. During the trial the plaintiff asked leave to amend by consolidating the three causes into one. The defendant objected, and the court said that the amendment was unnecessary, as the court would in its charge present the case to the jury as for the whole amount of rent due. The charge to the jury was as follows:

TREAT, D. J., (*charging jury.*) As it is admitted in this case that the defendant was the tenant of plaintiff at the rate stated, of $650 a year, the burden of proof is upon him to show that the rent has been paid, or how much has been paid, and also to establish his counter-claim. It is for you, in the light of the evidence that has been given, to ascertain what amount of rent is still due, if any. Having ascertained that, proceed to the next inquiry concerning this counter-claim.

Probably it is quite as familiar to you, and possibly more so than to the court, that what has been done by a tenant in the office of good husbandry he gets no compensation for against his landlord, because it is expected that each tenant tilling the land and attending to it will do whatever is essential to good husbandry.

It is contended, on the part of the defendant here, that there was an agreement or understanding that either he should have a 10-years' lease, or that the landlord, the plaintiff in this case, would compensate him for such permanent improvements as he might make. Now, if such an agreement or understanding existed, and permanent improvements were made, the party would be entitled to receive proper compensation therefor. If there was no understanding of that nature in regard to it, then any voluntary improvements that he made he cannot charge against his landlord. Consequently the question with regard to the counter-claim is, as has been stated to you, was there an agreement or understanding of the nature contended for by the defendant with regard to any of these improvements, for which he puts in this counter-claim? Remarking, however, gentlemen, as it is admitted by the plaintiff, that the item in the counter-claim of $35 would be allowed under any circumstances, if, after ascertaining what rent is due, you reject the counter-claim, you will give the amount thus ascertaind in your verdict for the plaintiff. If you allow the counter-claim, strike a balance, and if the balance is

in favor of the plaintiff, give him the balance. If there is a balance against him, give the balance in favor of the defendant.

The jury found a verdict in gross for the defendant.

The plaintiff thereupon moved the court to set aside the verdict and grant a new trial for the following, among other, reasons, viz.:

(2) Because the court erred in refusing to allow plaintiff to amend his petition to conform the sum to the proofs in the case, when leave so to do was asked by plaintiff before the case was submitted to the jury. (3) Because the court erred in matter of law in the charge and instructions given to the jury. (4) Because the court instructed the jury to render their verdict in gross upon the three causes of action stated in the plaintiff's petition, together with six causes of action stated in defendant's counter-claim. (5) Because the verdict is not responsive to the issues made in the pleadings. (6) Because the verdict is contrary to the law and the evidence, and the weight of evidence. (7) Because the verdict is uncertain, indefinite, and informal, and insufficient to sustain a judgment.

Opinion of the Court upon Motion for a New Trial.

*Edward Cunningham,* for plaintiff.

*Dinning & Byrns,* for defendant.

TREAT, D. J. The petition does not count on a written lease, nor was such a lease filed with the petition as the statute requires, hence the trial proceeded as on a verbal lease for $650 per year, which the answer admitted. If a written lease contained specific terms or provisions of which the plaintiff desired to avail himself, these terms should have been set out or averred and the lease filed. The answer and counter-claim informed the plaintiff of the nature of the defense; showing, if there was a written lease of whose terms the plaintiff sought advantage, the necessity of conforming to the statute; otherwise the proofs would not conform to the pleadings, and the defendant be, at the trial, taken at disadvantage and surprise.

The petition sets out in form three distinct causes of action, viz., the balance due for rent on each of three successive years. After the trial had progressed for some time the plaintiff asked to amend by consolidating the three causes into one, and the court remarked that such an amendment was unnecessary, against defendant's objection; for in its charge the court would present the case to the jury as for the whole amount of rent due.

The charge was given accordingly, The plaintiff, therefore, had all the benefits he sought by his proposed amendment.

It is now objected that the verdict did not state the finding of the jury separately as to each of the three causes of action. It is man-

ifest, especially in connection with the charge, what the jury must have found with respect thereto, and with respect to the counter-claim. The defect was one merely of form, and the verdict is amend-able. The court could then have conformed it to technical require-ments, and can do so now if necessary. The statutes of the United States, and the many rulings thereunder by the United States supreme court, sustain this view of the question. Without reviewing the many decisions, reference is made to the following, which enunciate the doctrines governing the motion in arrest. *Shaw* v. *Railroad Co.* 101 U. S. 557; *Lincoln* v. *Iron Co.* 103 U. S. 412; *Koon* v. *Ins Co.* 104 U. S. 106; Rev. St. § 954.

Both motions are overruled.

### NOTE

AMENDMENTS—IN GENERAL. Section 954 is remedial, and should be liber-ally construed, (*Parks* v. *Turner*, 12 How. 39; *Tobey* v. *Claflin*, 3 Sumn. 379; *Gregg* v. *Gier*, 4 McLean, 308;) but amendments are not allowed with such liberality in penal actions or forfeitures, as in civil actions, (*U. S.* v. *Batchel-der*, 9 Int. Rev. Rec. 98;) and a criminal information cannot be amended at the trial in any manner affecting the charge, (*Columbia* v. *Herlihy*, 1 McArthur, 466.) The power to amend at common law was limited to trivial errors, and could not be exercised after final judgment, (*Smith* v. *Allyn*, 1 Paine, 453; *Nelson* v. *Barker*, 3 McLean, 379;) but this section empowers generally any United States court to disregard mere defects in form in giving judgment, except those which the party demurring sets down as the cause of the demur-rer, (*Rosenbach* v. *Dreyfuss*, 1 FED. REP. 394;) and authorizes the allowance of amendments during the trial, (*Bamberger* v. *Terry*, 1 Morr. Trans. 581.) It embraces every step in the cause down to the judgment. *Roach* v. *Hulings*, 16 Pet. 319. Where no local statute or rule of local law is involved, the power to amend is the same in attachment suits as in others, (*Tilton* v. *Cor-field*, 93 U. S. 163;) and amendments of mere form, not going to the merits, and not of such a character as to prejudice, will not entitle respondents to costs, (*The Edwin Post*, 6 FED. REP. 314.) A defect is formal when a defendant must of necessity be guilty of a breach of the law, and liable to an action if the declaration is true. *Jacobi* v. *U. S.* 1 Brock. 520. This section, except the last clause, relates to defects which are mere matters of form, and the last clause embraces matters of substance. *Smith* v. *Allyn*, 1 Paine, 153. The power is confined to process and pleadings, and reaches all defects, but does not extend to the judgment. Id. It extends to actions brought by the United States. *Jacobi* v. *U. S.* 1 Brock. 520.

AMENDMENT OF VERDICT. The words "or course of proceeding what-ever" are broad enough to include verdicts, (*Parks* v. *Turner*, 12 How. 39;) so if a verdict is general it may be amended so as to apply to the count under which the evidence is given, (*Matheson* v. *Grant*, 2 How. 263; *Stockton* v. *Bishop*, 4 How. 155.) Leave may be granted to amend a verdict in replevin after the jury had returned and another cause had been tried. *Arguelles* v.

*Wood,* 2 Cranch, C. C. 579. A verdict in *assumpsit,* "that defendant is guilty in manner and form as alleged," is amendable. *Lincoln* v. *Iron Co.* 103 U. S. 412. On a stipulation that the jury, if the court be not in session when they agree upon their verdict, may sign, seal, and deliver it to the officer in charge and disperse, the entry of the verdict in proper form is allowed by this section. *Koon* v. *Ins. Co.* 104 U. S. 106; S. C. 3 Morr. Trans. 125.

AMENDMENTS AFTER VERDICT. A defective pleading may be cured after verdict, (*Garland* v. *Davis,* 4 How. 131; *Clark* v. *Sohier,* 1 Wood. & M. 368;) and the rule that a defective statement of a good cause of action is cured by the verdict extends to penal actions, (*Smith* v. *U. S.* 1 Gall. 261.) All circumstances necessary in form or in substance to make out a cause of action, though imperfectly stated, must be proved at the trial; hence the defect is cured by the verdict, (*Pearson* v. *Bank,* 1 Pet. 89; *Matheson* v. *Grant,* 2 How. 263; *Stockton* v. *Bishop,* 4 How. 155; *De Solry* v. *Nicholson,* 3 Wall. 420; *Corcoran* v. *Dougherty,* 4 Cranch, C. C. 205; *Scull* v. *Higgins,* Hemp. 90; *Stanley* v. *Whipple,* 2 McLean, 35; *Kemble* v. *Lull,* 3 McLean, 272; *Gray* v. *James,* Pet. C. C. 476; *Dobson* v. *Campbell,* 1 Sumn. 319;) as an allegation under a *videlicet,* (*Ingle* v. *Collard,* 1 Cranch, C. C. 152; *Woodward* v. *Brown,* 13 Pet. 1;) or the omission to join a party as plaintiff who ought to have been joined, (*Greenleaf* v. *Schell,* 6 Blatchf. 225;) or to give the time when the injury was done, (*Stockton* v. *Bishop,* 4 How. 155;) or to aver the value of the foreign money in an action on a bill of exchange, (*Brown* v. *Barry,* 3 Dall. 265;) as a declaration in debt is in the *debit* as well as the *detinet,* (Id.; *Gardner* v. *Lindo,* 1 Cranch, C. C. 78;) but if it omits to show matters essential to the jurisdiction, (*Smith* v. *Allyn,* 1 Paine, 486,) or to state a cause of action, it is not cured by the verdict, (*Smith* v. *Allyn,* 1 Paine, 486; *Renner* v. *Bank,* 9 Wheat. 581; *McDonald* v. *Hobson,* 7 How. 745; *Washington* v. *Ogden,* 1 Black, 450;) or if a libel *in rem* does not show the commission of an offense. See *The Virgin,* Pet. C. C. 7. An alternative allegation in an action of debt for a penalty, can only be objected to by a demurrer, and is cured by a verdict. *Jacobi* v. *U. S.* 1 Brock. 520. An objection that the declaration does not make *profert* of letters of administration cannot be taken after verdict. *Gardner* v. *Lindo,* 1 Cranch, C. C. 78; *Matheson* v. *Grant,* 2 How. 263. If a declaration merely assigns the non-payment of the penal sum on a bond, an omission to assign a special breach of the condition, in a replication to a plea of performance, is cured by a verdict. *Minor* v. *Mechanics' Bank,* 1 Pet. 46. A verdict will cure a discontinuance caused by the failure of the executor to appear within the proper time after suggestion of the death of the plaintiff. *Brent* v. *Coyle,* 2 Cranch, C. C. 287. An allegation under a *videlicit* may be disregarded. If the breach alleged is not a breach of the covenant, error is not cured by verdict. *Ingle* v. *Collard,* 1 Cranch, C. C. 152. A plea of *non assumpsit,* in an action on the case, is not cured by a verdict. *Garland* v. *Davis,* 4 How. 131. Where two pleas present substantially the same issue, the fact that an immaterial issue is joined on the replication to one plea is no reason for arresting a judgment and awarding a repleader, (*Erskine* v. *Hornbach,* 14 Wall. 613; *Pegram* v. *U. S.* 1 Brock. 261;) so if plaintiff replies to only one, (*Laber* v. *Cooper,* 7 Wall. 565.) Although a decision sustaining a demurrer to a plea is erroneous, yet if the defense can be presented under

another plea filed, the judgment will be good. *Junction R. Co.* v. *Bank*, 12 Wall. 226. Where there is a defect in a pleading, yet if the issue be such as required proof of the facts so defectively stated or omitted, and without which it is not to be presumed the judge would have directed a verdict, such defect is cured. *Lincoln Township* v. *Cambria Iron Co.* 2 Morr. Trans. 563.

JUDGMENTS AND DECREES. All judgments, decrees, or orders are under control of the court which pronounces them during the term at which they are rendered, and may be set aside, vacated, or modified. *Bronson* v. *Schulten,* 3 Morr. Trans. 500. But amendments to judgments or decrees can not be made except as to formal defects, (*Allers* v. *Whitney*, 1 Story, 310;) where the entry was erroneously made, (*U. S.* v. *Bennett,* Hoff. 281;) or where there is a verbal mistake of the clerk in using a superfluity of words in entering judgment, (*Shaw* v. *Railroad Co.* 101 U. S. 557;) or where by a misprision of the clerk the judgment had not been entered according to the declaration, (*Woodward* v. *Brown*, 13 Pet. 1;) or where the clerk had omitted to enter judgment allowing interest, (*Bank* v. *Wistar*, 3 Pet. 431;) or if a judgment by confession is entered without declaration or rule to plead, (*Ault* v. *Elliott*, 2 Cranch. C. C. 372;) or if made by only one of several joint defendants, (*Hyler* v. *Hyatt*, Id. 633; *Newton* v. *Weaver*, Id. 685; see *Ringgold* v. *Elliott*, Id. 462;) or if entered in a wrong case, (*Pierce* v. *Turner*, 1 Cranch, C. C. 433;) or if made by an attorney by mistake, (*Bank* v. *McKinney*, 3 Cranch, C. C. 173.) A judgment may be amended by striking out a part which the court has no authority to make, (*The Hiram Wood*, 6 Chi. Leg. News, 135;) or where it was entered by mistake, (*U. S.* v. *Fearson*, 5 Cranch, C. C. 95,) any clerical error may be corrected after the lapse of the term, (*Scott* v. *Blaine*, Bald. 287; *Brush* v. *Robbins*, 3 McLean, 486;) as by making it payable in gold or silver coin, (*Cheang Kee* v. *U. S.* 3 Wall. 320.) A judgment or decree cannot be stricken out after the lapse of the term at which it is rendered, (*Brush* v. *Robbins*, 3 McLean, 486; *Wood* v. *Luse*, 4 McLean, 254; *Scott* v. *Blaine*, Bald. 287;) but if irregularly entered it may be set aside, (*Union Bank* v. *Crittenden*, 2 Cranch, C. C. 238;) or for a mistake in the assessment of damages, (*Crooks* v. *Maxwell*, 6 Blatchf. 468;) or if considered as a nullity, (*Wood* v. *Luse*, 4 McLean, 254; *Harris* v. *Hardeman*, 14 How. 334.) Though the court cannot change the essential parts of a decree after the term at which it is entered, yet it may subsequently amend the decree as to the mode of execution, manner of sale, time of publication, and distribution of proceeds, (*Turner* v. *I., B. & W. R. Co.* 8 Biss. 380;) but an interlocutory decree is always open to amendment and correction, (*De Floven* v. *Reynolds*, 8 FED. REP. 434.)—[ED.