## Case No. 7,157.

### JACOB v. UNITED STATES.

[1 Brock. 520.] [1]

Circuit Court, E. D. Virginia. Nov. Term, 1821.

[1] [Reported by John W. Brockenbrough, Esq.]

MARSHALL, Circuit Justice. This is a writ of error to a judgment, rendered in favour of the United States, in the district court, in an action of debt, brought to recover a penalty, alleged to be incurred by the defendant, in violating some of the provisions of an act of congress, imposing duties on spirits, distilled within the United States. The defendant below, demurred to the testimony, and now insists that the judgment ought to be reversed, because: 1st. The declaration is insufficient, in not alleging the offence with precision. 2d. The testimony is insufficient, because it does not show, that the goods received were seized by an authorized officer.

1st. As to the sufficiency of the declaration. It states the seizure, and adds, that the defendant did forcibly rescue, or cause to be rescued, from the said collector, or one of them, the said spirits, &c. The plaintiff in error contends, that this charge is too vague, and that the declaration, instead of alleging in the alternative, that he had committed one, or another, of several different offences, ought to have alleged, specifically and singly, the offence that he did commit. The cases cited in argument, prove conclusively, that this error would have been fatal in an indictment or information;[2] but the counsel for the plaintiff, has shown no case, and I can find none, in which it has been deemed fatal in an action of debt. He contends, that in England, an action of debt is not brought in such a case; but the books say, expressly, that where a penalty is given by a statute, and no remedy for its recovery is expressly given, debt lies.[3] He contends with more reason, that where different remedies are allowed, the form of the remedy adopted, ought not to vary the case; nor ought a court to sanction, in one species of action for a penalty, a more lax mode of proceeding, than is allowed by the general principles which regulate suits for penal offences. If a precise charge would be required in an information, there can be no reason, he contends, for dispensing with this precision, in an action of debt, brought to recover the same penalty, for the same offence. This is true, in reason. But it is equally true in law, that a statute, applicable, in its terms, to particular actions, cannot be applied by construction, to other actions standing on the same reason. But the application of such statute, to an action which it expressly comprehends, cannot, on that account, be denied.

Upon this principle, it is contended on the part of the United States, that the act of jeofails, applies to this declaration, and cures the fault which has been assigned in it. The 32d section of the judicial act, enacts, "that no summons, &c., or other pro-

---

[2] See the authorities on this subject, collected in a note, to the case of The Caroline [Case No. 2,418].

[3] 1 Chit. Pl. 105; 1 Rolle, Abr. 598, pl. 18, 19; President & College of Physicians v. Salmon, 1 Ld. Raym. 682. The form of the action is not given by the statute, on which this prosecution was founded, but the fines, penalties, and forfeitures, incurred by force of the act, might be sued for, by bill, plaint, or information. Section 21.

ceedings in civil causes, in any of the courts of the United States, shall be abated, arrested, quashed, or reversed, for any defect, or want of form, but the said courts, respectively, shall proceed and give judgment, according as the right of the cause, and matter in law, shall appear unto them, without regarding any imperfections," &c., except such as shall be alleged as causes of special demurrer. Judicial Act 1789; 1 Story's Laws, p. 66, c. 20, § 32 [1 Stat. 91]. Is the defect in this declaration, an error of substance, or of form? The act of congress, 4 [Bior. & D. Laws] p. 730, § 9 [3 Stat. 155], describes the offence in the very words of the declaration. The penalty is incurred, by any person who "shall forcibly rescue, or cause to be rescued, any spirits, &c., after the same shall have been seized," by any collector. The offence is equally consummated, and the penalty equally incurred, by rescuing, or causing to be rescued, from any collector whatever, any spirits, &c., which he had previously seized. It might have been more technically correct, to have alleged the offence in the declaration, with more precision, and this declaration might have been ill, on a special demurrer. But if the defendant waives this exception, by going to trial on the fact of rescue, the defect appears to me, to be cured by the statute. /The defect seems to me, to be a defect of form, whenever the defendant must, of necessity, be guilty of a breach of the law, and have incurred the penalty for which the suit is brought, if the allegation in the declaration be true. This seems to me, to constitute the difference between form and substance. /The defendant has a right to insist on a precise statement of the offence with which he is charged, that he may know how to defend himself. This right is to be exercised by a special demurrer, and may be waived. If, instead of exercising it, he prefers going to trial on the fact, and it be found against him, the only question of substance, as it seems to me, which can arise upon the record, is, whether the fact be charged in such terms, that if committed, the penalty of the law must be incurred. If, then, the 32d section of the judicial act, applies to the case, the defendant comes too late with his exceptions to the declaration. That section, in its terms, applies to all civil causes, in any of the courts of the United States. An action for debt for a penalty, appears to me to be a "civil cause" under the 9th section of the judicial act, which defines the jurisdiction of the district courts. But I am relieved from a critical examination of this question, by the circumstance that, if it be not a civil cause, this court has no jurisdiction over it. The 22d section of the judicial act, under which this writ of error must be sustained, allows it only in "civil actions." If, then, the 32d section of the act does not apply, because this is not a

"civil cause," the writ of error must be dismissed for the same reason.[4]

But the counsel for the plaintiff contends, that the statute does not apply, for another reason. In England, a statute is not supposed to relate to the crown, unless the king be expressly named. I do not recollect, that this principle, which is a branch of the royal prerogative, has ever been recognized in the courts of the United States, nor does it appear to me, to be necessary to inquire, in this cause, how far the principle may be applicable in our government. I do not think it necessary to make the inquiry, because the judicial act does expressly comprehend the United States. It gives the courts of the Union, jurisdiction in suits brought by the United States. The question, therefore, is not, whether a general statute, not mentioning the United States, shall comprehend them in its general provisions, but whether a statute, made both for the United States, and for individuals, shall embrace the United States, by provisions, not particularly mentioning them, but which are adapted to them, and made in terms sufficiently comprehensive to include them. This question is already settled in the supreme court. The 26th section of the act directs, that in all causes brought for a penalty annexed to articles of agreement, &c., the court shall render judgment in case of default, demurrer, &c., for so much as is due according to equity. This section does not mention the United States, but it has been determined in the supreme court to extend to them. So in the cases to be carried by appeal or writ of error, from an inferior to a superior tribunal, in the 21st and 22d sections of the act, the United States are not mentioned, but those sections have always been construed to comprehend their suits. I think it, then, very clear, that the 32d section of the judicial act extends to this case, and cures the error, if there be one, in this declaration. This is a point on which I have never entertained a doubt.

The second question appeared to me, at the argument, to deserve serious consideration, and I reserved the cause, in consequence of doubts which I then entertained upon it. Subsequent consideration has removed those doubts, and I now think the judgment of the district court correct on the demurrer to evidence, as well as on the sufficiency of the declaration. It was very properly observed, by the attorney for the United States, that a demurrer to evidence, supposes that evidence to be already admitted. If the testimony be inadmissible, its admission may be opposed;

[4] A libel against a vessel claiming forfeiture thereof, for exporting cannon, &c., under the act of 22d of May, 1794 [1 Stat. 369], is a "civil cause," within the meaning of the judicial act. It is a process in the nature of a libel, in rem, and does not, in any degree, touch the person of the offender. U. S. v. La Vengeance, 3 Dall. [3 U. S.] 297, 1 Pet. Cond. R. 132.

and if the objection be improperly overruled, the remedy is by a bill of exceptions. If, instead of taking this course, the party chooses to admit the evidence, and to demur to its effects, he waives his objection to its inadmissibility, and places his cause on its sufficiency to establish the fact in controversy. The question, whether it ought to be rejected as mere secondary evidence, is no longer to be asked, and the cause rests upon the question, whether, being admitted, it proves the fact in controversy.[5] If a note, or other ordinary instrument of writing, have a subscribing witness, the paper cannot be proved even by a person who saw it executed; but if a witness, who saw it executed, be offered, and the party to the writing, instead of objecting to his being sworn, admits it, and demurs to the testimony, the only question, then, seems to me to be, whether his testimony be sufficient to convince the mind, that the paper was executed by the person charged therewith.

There is another principle also applicable to the case. The party who demurs is bound to admit every conclusion, which the jury might rightfully draw from the testimony. Could the jury in this case have rightfully concluded, that this seizure was made by a collector of the internal revenue? It seems to me, the jury might very correctly draw this conclusion. The witness states that the plaintiff in error applied to M'Kinley, as the collector, for a license. The conversation shows, that the plaintiff in error had transacted business with him as collector. The witness, in positive terms, states him to be the collector. It is apparent that he acted as collector, and was understood by the plaintiff in error to be invested with that office. But had the defendant below excepted to the testimony, instead of admitting it, and demurring to it, I still think the question ought to be decided against him. The

rule that secondary evidence shall not be admitted where primary evidence is attainable, although a sound general rule, has been relaxed in some cases where general convenience has required the relaxation. The character of a public officer is one of those cases. That he has acted notoriously as a public officer, has been deemed prima facie evidence of his character, without producing his commission or appointment. In the trial of the Gordons (Leach, Crown Cas. 515) this principle of evidence was sustained by all the judges, even in a case of murder. It is also laid down in 4 Term R. (Durn. & E.) 366; 3 Term R. 635; 3 Camp. 432; and in Phil. Ev. 180. The case at bar is, I think, completely within the principle of these cases.

The judgment of the district court is affirmed with costs.

---

[5] Mr. Stephens, in his Treatise on Pleading (page 112), says, that a party disputing the legal sufficiency of any evidence offered, or its admissibility in point of law, may demur to the evidence; but the case cited by him from 2 H. Bl. 208, does not justify this commentary. The question, whether the admissibility of evidence can be considered by the court in deciding on a demurrer to that evidence, did not arise in the case from Blackstone, nor does it appear ever to have arisen in any subsequent case in this country, or in England. In Bank of U. S. v. Smith, 11 Wheat. [24 U. S.] 171 (6 Pet. Cond. R. 261), Johnson, J., in delivering the opinion of the court, said, that by the demurrer to evidence the defendant had taken the questions of fact from the jury, where they properly belonged, and had substituted the court in the place of the jury, and that every thing which the jury could reasonably infer from the evidence demurred to, must be considered as admitted. Since such is the effect, then of the demurrer to evidence, it seems quite clear, that the question of the admissibility of evidence, is not open on a demurrer to evidence; its admissibility being a question of law which it is the exclusive province of the court, as such, to decide. See, also, The Palmyra, 12 Wheat. [25 U. S.] 1.