## BOYD v. CLARK.

*(Circuit Court, E. D. Michigan. June, 1882.*

ADMIRALTY—APPEAL TO CIRCUIT COURT.

   Admiralty causes arising upon the lakes, and tried by jury pursuant to Rev. St. § 566, are not reviewable upon writ of error, but may be re-examined upon appeal to the circuit court.

In Admiralty.

This was a suit by a father to recover damages for the death of his minor son, a deck hand on board the steamer Alaska, who was killed by the explosion of a boiler while she was on her regular trip to the Lake Erie islands. Defendant was the owner of the vessel, and was charged with personal negligence in allowing her to run with a de-

fective boiler. The case was tried by a jury pursuant to Rev. St. § 566, which permits the trial of issues of fact by a jury, when either party requires it, "in causes of admiralty and maritime jurisdiction, relating to any matter of contract or tort arising upon or concerning any vessel of 20 tons burden, and upward, enrolled and licensed for the coasting trade, and at the time employed in the business of commerce and navigation between places in different states and territories upon the lakes, and navigable waters connecting the lakes." The jury returned a verdict for the plaintiff of $400. Respondent settled a bill of exceptions, and sued out a writ of error from the circuit court under Rev. St. § 631, and also took an appeal under section 633. Complainant moved to dismiss the writ of error because the statute did not allow it in cases of this description, and the appeal, because, under the seventh amendment to the constitution of the United States, which provides that no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law, no appeal would lie.

*W. L. Carpenter* and *Alfred Russell*, for libelant.

*F. H. Canfield* and *G. V. N. Lothrop*, for respondent.

MATTHEWS, Justice. The writ of error must be dismissed. Section 633, in which a writ of error from the circuit to the district court is allowed in civil actions where the matter in dispute exceeds the amount of $50, applies only to the few common-law actions justiciable in the district courts. *U. S.* v. *Wonson*, 1 Gall. 5; *U. S.* v. *Fifteen Hogsheads*, 5 Blatchf. 106; *Jacob* v. *U. S.* 1 Brock. 520. But all cases in equity and admiralty involving over $50 in amount are reviewable, under section 631, upon appeal to the circuit court. The fact that the case was tried by a jury makes no difference in determining the remedy to which the defeated party is entitled. Even if the seventh amendment to the constitution, providing that no fact tried by a jury should be otherwise re-examined, in any court of the United States, than according to common-law, applied to any other than common-law cases, it is silent in respect to appeals upon matters of law. The rulings of the district courts upon questions of law would still be subject to review. Thus, under the act of February 16, 1875, (18 St. 315,) relating to appeals in admiralty to the supreme court, the facts must be found by the circuit court; and in the review by the supreme court in such cases we are limited to the determination of questions of law arising upon the record, and to such rulings of the circuit court, excepted to at the time, as may be presented by a bill of exceptions prepared as in actions at law. The act further provides that these facts

may be found by the court, or, if the parties consent, by a jury. But I think the provisions regarding trials by jury in the seventh amendment apply only to common-law juries, and that upon appeal the case stands for trial here precisely as if tried by the court. The introductory words of the amendment, "in suits, at common law," indicate very clearly that the jury spoken of in the amendment is a common-law jury.

In *Parsons* v. *Bedford*, 3 Pet. 433, it was held that suits at common law, within the meaning of this amendment, include not merely modes of proceeding known to the common law, but all suits not of equity or admiralty jurisdiction in which legal rights are settled and determined. In delivering the opinion Mr. Justice Story remarked that "it is well known that in civil causes in courts of equity and admiralty juries do not intervene, and that courts of equity use the trial by jury only in extraordinary cases to inform the conscience of the court. * * * In a just sense, the amendment, then, may be well construed to embrace all suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights." So, in the *Justices* v. *Murray*, 9 Wall. 274, where it was decided that the amendment prohibiting the facts tried by a jury to be otherwise re-examined than according to the rules of the common law applied to facts tried by a jury in a case in a state court, there was no hint that the clause applied to any other than common-law cases. Whether the jury allowed in this class of admiralty cases is anything more than advisory to the district court, as are juries in chancery cases, I do not deem it necessary to express an opinion.