*In the Matter of the Application of* MAUDE SEAGRAVES *for a Writ of Habeas Corpus.*

INDIAN COUNTRY—*Intrusion Upon, not Criminal—Habeas Corpus.* Section 2148, R. S. U. S., which provides: "If any person who has been removed from the Indian country shall thereafter at any time return or be found within the Indian country, he shall be liable to a penalty of one thousand dollars," is not a criminal statute, but only renders the intruder liable to the penalty therein named, and this penalty, under § 2124 R. S. U. S., is recoverable "in an action in the nature of an action of debt, in the name of the United States," and cannot be enforced by a criminal proceeding; and where a party charged with the violation of § 2148 was prosecuted criminally, and fined one thousand dollars, and ordered committed until discharged by due process of law, and imprisoned upon this judgment, the party is discharged upon her petition for a writ of *habeas corpus.*

*Original Proceeding in Habeas Corpus.*

*R. B. Forrest* and *Buckner & Son,* for petitioner.

*C. R. Brooks, United States Attorney, Roy V. Hoffman* and *T. M. McMeachen,* per contra.

The opinion of the court was delivered by

BIERER, J.: The petioner asks for her discharge from the Federal jail of the United States at Guthrie, Oklahoma, where, she alleges, she is imprisoned and confined without authority of law.

It is shown in her petition, and in the return of the United States marshal, that the prisoner was prosecuted for the alleged crime, under § 2148 of the Revised Statutes, of having returned to the Indian country attached to Canadian county for judicial purposes, after having been removed therefrom by the Indian agent, as provided by § 2147 of the Revised Statutes, and that, upon her trial and conviction, she was fined in the sum of one thousand dollars and the costs, and committed to the United States prison at Guthrie, Oklahoma, until discharged by due process of law.

We take the judgment of the court directing her confinement to mean that she was fined the sum of one thousand dollars and the costs, and the marshal directed to commit her to jail until the same were paid, and we treat the case as if that had been the judgment.

The petitioner claims that her return to the Indian country, after having been removed therefrom, subjected her only to the payment of the penalty of one thousand dollars, and that such penalty is not a criminal punishment, and that she has committed no crime against the laws of the United States, for which she is imprisoned, and that her imprisonment is, therefore, unlawful.

On the part of the government it is contended that § 2148 of the Revised Statutes is a criminal statute, and that the penalty can be enforced by criminal procedure.

This question was, in 1884, squarely presented to the United States district court for the district of Kansas, in the case of *United States v. Payne*, 22 Fed. Rep. 426. Payne and others were prosecuted, charged with a conspiracy, under the laws of the United States, to make settlement on Indian lands, and to return to the Indian country after having been removed therefrom; and it was held by Judge Foster that the acts of which the alleged conspiracy consisted were not a crime, and that the offense of returning to the Indian country after the party had been removed therefrom had a definite penalty attached thereto, and a definite mode of enforcing the penalty, and that it was not an indictable offense, and could not be prosecuted by a criminal proceeding. The case is squarely in point in the case at bar, and we would consider it as settling this question in favor of the petitioner, and would give the matter no further review if it were not for the fact that a directly opposite view of the question was taken by Judge Deady in the case of *United States v. Howard*, 17 Fed. Rep. 638, from the circuit court of the district of Oregon, in which it was held that the act for which the penalty is provided in § 2148 is criminal, and could be enforced by criminal prosecution.

Judge Foster, in the Payne case, made no reference whatever to the Howard case decided by Judge Deady, and the two cases stand as decisions of the United States courts upon this question, holding to directly opposite views, and we therefore feel it our duty to give the reason for following the one rather than the other.

We have examined the Revised Statutes, and the provisions of the session laws of congress, from which the revised section is taken, carefully, to ascertain wherein congress, in fixing a penalty for the return of a party,

who had been removed therefrom, to the Indian country, intended to declare it a crime, or to provide for the enforcement of the penalty by criminal procedure; but we are absolutely unable to find any such intention in any expression that congress has made, and a careful review of the subject convinces us, beyond doubt, that congress, in the legislation upon this subject, has evinced the contrary intention, that is, that the act denounced is to incur a mere forfeiture, the payment of money, and not a criminal punishment.

Section 10 of the act of June 30, 1834, 4 U. S. Statutes at Large, p. 730, provides:

"And be it further enacted, That the superintendent of Indian affairs, and Indian agents and sub-agents, shall have authority to remove from the Indian country all persons found therein contrary to law; and the president of the United States is authorized to direct the military force to be employed in such removal."

Section 23 of the same act provides:

"And be it further enacted, That it shall be lawful for the military force of the United States to be employed in such manner and under such regulations as the president may direct, in the apprehension of every person who shall or may be found in the Indian country, in violation of any of the provisions of this act, and him immediately to convey from said Indian country, in the nearest convenient and safe route, to the civil authority of the territory or judicial district in which said person shall be found, to be proceeded against in due course of law; and also, in the examination and seizure of stores, packages, and boats, authorized by the twentieth section of this act, and in preventing the introduction of persons and property into the Indian country contrary to law: *Provided*, That no person apprehended by military force as aforesaid, shall be detained longer than five days after the arrest and before removal. And all officers and soldiers who may have any such person or per-

sons in custody shall treat them with all the humanity which the circumstances will possibly permit; and every officer or soldier who shall be guilty of maltreating any such person while in custody, shall suffer such punishment as a court-martial shall direct."

Section 27 of the same act provides:

"And be it further enacted, That all penalties which shall accrue under this act, shall be sued for and recovered in an action of debt, in the name of the United States, before any court having jurisdiction of the same, (in any state or territory in which the defendant shall be arrested or found), the one-half to the use of the informer, and the other half to the use of the United States, except when the prosecution shall be first instituted on behalf of the United States, in which case the whole shall be to their use."

Section 2 of the act of congress of August 18, 1856, 11 Statutes at Large, p. 80, provides:

"And be it further enacted, That if any person who has been removed from the Indian country under the provisions of the tenth section of the act of congress, approved the thirtieth day of June, eighteen hundred and thirty-four, entitled, 'An act to regulate trade and intercourse with the Indian tribes, and preserve peace on the frontiers,' shall thereafter at any time return or be found within the Indian territory, such offender shall forfeit and pay the sum of one thousand dollars."

Section 10 of the act of June 30, 1834, is incorporated into the Revised Statutes as § 2147; § 23 of said act is incorporated into §§ 2150 and 2151 of the Revised Statutes; § 27 of such act is incorporated into the Revised Statutes as § 2124; and § 2 of the act of August 18, 1856, is incorporated into the Revised Statutes as § 2148.

It will also be observed, on comparison with the Revised Statutes, that the original congressional legislation from which § 2148 is taken, referred specifically

to the act of June 30, 1834, by date and by title; and that while the language of the original section was "such offender shall forfeit and pay the sum of one thousand dollars," it appears in the revised section "he shall be liable to a penalty of one thousand dollars," the word 'offender" and the words "forfeit and pay" being omitted, and the words "he" and "liable to a penalty" being placed in lieu thereof.

It will also be observed that while the language of § 27 of the act of June 30, 1834, made the section apply only to penalties "which shall accrue under this act," § 2124 applies to all penalties "which shall accrue under this title," and shows clearly, as we think, that the compiler of the Revised Statutes understood that these sections of the act of 1834 and the act of 1856 were to be given the same meaning and force as if they had been a part of one and the same enactment. Indeed, we think that congress, having observed in 1856 that while it had given the authority to the superintendent of Indian affairs and agents and sub-agents to remove a person from the Indian country who was therein without authority of law, it had provided no restrictions whatever against the person so returning, except that he might be again and again removed therefrom by the Indian agent or the military forces, and by the act of 1856 it intended simply to supply a defect in the legislation of 1834, both laws relating to the same subject, and passed for the same purpose, that of preventing persons from going into the Indian country without authority. And it will be observed that the change in the language of the revised sections from that which appears in the original sections, makes the terms used in the section of the statutes, which seeks to prevent the person from returning to the Indian country, and the

one which provides the remedy if the party does so, the same, while they were not the same in the original sections. That is, § 2148 provides for the infliction of a "penalty" upon one who returns after being removed from the Indian country; and § 2124 provides how the "penalty" shall be recovered; while § 2 of the act of 1856 did not use the word "penalty," but said that "the offender shall forfeit and pay the sum of one thousand dollars."

A close examination of the statutes does not bear out the first impression which may be gotten from a reading of § 2124, that while it provides for collecting the penalties referred to, by action of debt, as it also speaks of the arrest of the defendant, it might mean that he could also be prosecuted criminally to recover the penalty. The correct meaning of the term "arrest" in this connection is made clear when we examine again the original legislation, the source from whence it came into the revised section. The original § 23 of the act of June 30, 1834, provides for the employment of the military forces in making these arrests, and the conveyance of the parties arrested to the civil authorities; and this was required to be done, under the latter part of the section, within a short limit of time, and under strict injunctions against inhuman treatment; and these provisions are all embodied in §§ 2150 and 2151 of the Revised Statutes. These arrests are the apprehensions of persons in the Indian country, to be made by the military forces, in assisting the Indian agents or officers. They are the only officers or persons who were then, or are now, authorized to arrest anyone for being in the Indian country without authority of law. And this arrest is a military seizure, rather than the executive part of a criminal prosecution, and cannot be taken, even by implica-

tion, to authorize a criminal, as well as a civil, proceeding to recover this penalty.

The compiler of the Revised Statutes, and congress when it approved the same, evidently had the original sections of the law and the revised §§ 2124, 2147, 2148 2150 and 2151 in mind at one and the same time, and if congress, in the revisions, intended these sections to be enforced together, as they have apparently done, and, we think, have quite clearly stated, the courts should give that force and effect to the legislation of congress as will carry out its intention.

While congress, by § 5600 of the Revised Statutes, has said that "no inference or presumption of a legislative construction is to be drawn by reason of the title, under which any particular act is placed," it has not excluded any inference or presumption of legislative construction that may and must be drawn from the modification of one section to make it harmonize with another, where the two sections relate to the same subject; and it has also said, by § 5596, " all acts of congress passed prior to the said first day of December, one thousand eight hundred and seventy-three, any portion of which is embraced in any section of said revision, are hereby repealed, and the section applicable thereto shall be in force in lieu thereof," clearly indicating that congress intended the original sections from which these sections of the Revised Statutes are taken, and which appear in the modified form in the Revised Statutes, should be repealed, and that the revised and modified sections should be in force, all taken together and construed as one statute, as one law, as, in fact, the law, as they appear in the revision of the statutes. And, construed in this manner, it is clear that congress intended the penalties provided for under Title 28, relating to Indians, and which are not

associated with any criminal punishment, should be recovered in an action in the nature of an action of debt; and an action of debt cannot, under our laws, involve one in imprisonment.

A person can only be imprisoned for the commission of a crime when he has transgressed some provision of the criminal law. The statute in controversy does not declare the act to be a crime, but simply provides for the assessing of a penalty if it is done. It does not, in fact, prohibit a person returning to the Indian country after having been removed therefrom, but it simply provides that if he does so he shall be "liable to a penalty," and such a declaratory statement does not make him a transgressor criminally liable.

Sedgwick on the Construction of Statutory and Constitutional Law, on the subject of remedies for the violation of statutes, p. 77, says:

"As to criminal legislation, it may be remarked, that where a statute prohibits an act to be done under certain penalty, though no mention is made of indictment, the party offending may be indicted and fined to the amount of the penalty; but where it is merely provided that if any person do a certain act he shall forfeit a sum to be recovered by action of debt, no indictment can be supported."

A penal statute is not, in fact, a criminal statute; and the imposition of a penalty for the doing of an act does not render a party liable to criminal prosecution; and particularly is this so where the statute does not prohibit the act, but only imposes a penalty for the doing of the act, and does not provide that the penalty is recoverable by indictment.

Bishop, in his work on Criminal Law, § 32, says:

"Thus, a sale of intoxicating liquor without license is a criminal offense when a statute prohibits it under a

penalty recoverable by indictment; but otherwise when the proceeding is by action of debt—a suit on a penal statute being a civil cause. "

The same author, in his work on Statutory Crimes, in § 24, says:

"The imposition of a penalty does not render the transaction criminal; a penal action is civil. "

And in the same work, § 250 id. he says:

"Though a penal action is not properly criminal, if a statute provides a penalty for a wrong of a public nature, to be recovered by action, the plaintiff should be, not the informer, though he is to receive a part of the penalty, but the state. "

In the case of *Town of Indianapolis v. Fairchild*, 1 Indiana, 316, the court say:

" It is held that a suit on a penal statute is not a criminal but a civil cause. (*Atchison v. Everett*, Cowper, 382.) Such a statute therefore, is no part of the criminal law. It follows, that if our construction of said constitutional provision be correct, it was not necessary that the penalty in question should go to the county seminary; the penalty not being for the breech of any criminal law. "

In the state of Wisconsin there was a statute which provided that, in all cases where no other provision was specifically made by law, and where a penalty or forfeiture should be incurred, and the act or omission for which it was imposed should not be a misdemeanor, the penalty or forfeiture might be sued for and recovered in a civil action, and the supreme court, in the case of *The State v. Hayden*, 32 Wisconsin, 663, in determining whether or not a penalty for the wilful obstruction of a public highway was a criminal or a civil proceeding, said:

" The act of a wilful obstruction of a public highway subjects the offender to a penalty alone, and not to both

penalty and imprisonment. This we deem conclusive under our statute, regardless of the question whether the act of wilfully obstructing a public highway was a misdemeanor at common law or not. The statute has made this proceeding a civil action, and the provisions of law concerning personal actions apply to it."

Not only does the United States statute, which declares the amount of the forfeiture for which one shall become liable, and which is termed the "penalty" for returning to the Indian country after having been removed therefrom, provide that the action of debt shall be the remedy employed for its recovery, but this was the appropriate action at the common law, and before any such statutes were enacted.

Blackstone, Book III, § 159, speaking in his Commentary with reference to the action of debt, says:

"And thus it is that every person is bound and hath virtually agreed to pay such particular sums of money as are charged on him by the sentence, or assessed by the interpretation of the law. For it is a part of the orginal contract, entered into by all mankind who partake the benefits of society, to submit in all points to the municipal constitutions and local ordinances of that state, of which each individual is a member. Whatever, therefore, the laws order any one to pay, that becomes instantly a debt, which he hath beforehand contracted to discharge.

"On the same principle it is, (of an implied original contract to submit to the rules of the community whereof we are members), that a forfeiture imposed by the by-laws and private ordinances of a corporation upon any that belong to the body, or an amercement set in the court-leet or court-baron upon any of the suitors to the court (for otherwise it will not be binding), immediately create a debt in the eye of the laws, and such forfeiture or amercement, if unpaid, work an injury to the party or parties entitled to receive it, for which the remedy is by action of debt.

"The same reason may with equal justice be applied to all penal statutes, that is, such acts of parliament whereby a forfeiture is inflicted for transgressing the provisions therein enacted. The party offending is here bound · by the fundamental contract of society to obey the directions of the legislature, and pay the forfeiture incurred to such persons as the law requires."

In the American and English Encyclopædia of Law, vol. 18, p. 274, the doctrine is stated, that:

"At common law, the action of debt is the appropriate action for the recovery of a statutory penalty, upon the ground of an implied promise, which the law annexes to the liability."

In Greenleaf on Evidence, vol. 2, § 279, the author states:

"The action of debt lies for a sum certain; whether it have been rendered certain by contract between the parties, or by judgment, or by statute, as when this remedy is given for a penalty, or for the escape of a judgment debtor."

This provision of the United States statute, directing that penalties for the violation of laws regulating intercourse with the Indian tribes, and particularly respecting the question of prohibiting the partys returning to the Indian country after having been removed therefrom, shall be collected by action of debt, is not an unusual provision of the United States statutes and practice in similar cases, for the recovery of penalties.

In the case of *Chaffee v. United States*, 18 Wall. 516, the suit was to recover a penalty for violation of the internal revenue laws, under the statute of 1864, which provided:

"And any person who shall have in his custody or possession any goods, wares, merchandise, * * subject to duty as aforesaid, for the purpose of selling the same with the design of avoiding payment of the duties

imposed thereon, shall be liable to a penalty of $500, or not less than double the amount of duties fraudulently attempted to be evaded, to be recovered in any court of competent jurisdiction."

Justice Field, for the court, said:

"The action of debt lies for a statutory penalty, because the sum demanded is certain, but though in form *ex contractu*, it is founded in fact upon a tort."

In the case of *Jacob v. United States*, 13 Fed. Cas. 267, as early as 1821, in a suit brought to recover a penalty under a revenue statute, which is stated in the opinion to provide:

"That if any person shall forcibly rescue, or cause to be rescued, any spirits, still, boiler, or other vessel, after the same shall have been seiz-d by the collector, the person so offending shall, for every such offense, forfeit and pay the sum of $500."

The court states the law:

"In England where a penalty is given by statute, and no remedy for its recovery is expressly given, debt lies, and, it seems, that this principle is equally applicable here."

And this case, as will be observed from this report, is cited in a number of cases in the circuit and district courts, and also by the supreme court of the United States.

After a careful examination of the authorities, we are of the opinion that the conclusion reached in the case of *United States v. Payne*, that a violation of § 2148 of the Revised Statutes cannot be prosecuted criminally, is correct, and we cannot follow the decision in the case of *United States v. Howard*, 17 Federal, 628; and must hold that the penalty for which the petitioner has laid herself liable must be recovered in a civil action in the nature of an action of debt, as provided for by § 2124

of the Revised Statutes, and that she cannot be imprisoned on default of payment thereof.

The prisoner will be discharged.

All the Justices concurring.