UNITED STATES, vs BAKER.

Opinion delivered September 23, 1903.

1.  *Indian Lands—Removal Therefrom—Penalty for Return.*

    June 30, 1834, Congress enacted Sec. 2147, Rev. Stat. U. S., authorizing the removal of objectionable persons from the Indian country by Indian Agents; and Aug. 18, 1856, enacted Sec. 2148, Rev. Stat. U. S., providing a penalty of $1000 for the return of any person removed from the Indian country. Sec. 2149, Rev. Stat. U. S., providing for the removal of persons from the Indian Territory by the Commissioner of Indian Affairs, with approval of the Secretary of Interior, was not enacted until June 12, 1858. Held, that the penalty provided in Sec. 2148 applied to persons returning after removal under Sec. 2149.

2.  *Indian Lands—Removal From—Enforcement of Penalty.*

    The return to the Indian country of a person removed therefrom under Sec. 2148, Rev. Stat. U. S., is not a crime and the penalty provided in Sec. 2149, Rev. Stat. U. S., cannot be enforced by indictment and criminal proceeding, but can only be recovered by a civil action, the amount being liquidated and established by the law.

Appeal from the United States Court for the Southern District.

HÒSEA TOWNSEND, Judge.

E. C. Baker was indicted for returning to the Indian Territory after being removed therefrom, and from a judgment sustaining a demurrer to the indictment the United States appeals. Affirmed.

This is a writ of error prosecuted by the United States to this court from the Southern District of Indian Territory. Appellee was indicted in said court, the indictment being as follows: "Indictment for violation of section 2148. R. S. U. S. The grand jurors of the United States of America, selected, summoned, impanneled, sworn, and charged to inquire within and for the body of the Southern District of the Indian Territory, in the name and by the authority of the United States, upon their oaths do find, present and charge that one E. C. Baker, who was not then and there a member of an Indian nation, on the 18th day of June, A. D. 1900, within the Southern District of the Indian Territory, unlawfully and willfully and without authority of law did return to the Indian Territory, to wit, the Chickasaw Nation, and is now within said nation and within the jurisdiction of this court, without lawful authority after he had been on the 16th day of June, 1900, lawfully removed from said nation by order of the United States Indian agent for the Five Civilized Tribes, with the approval of the United States Indian inspector for the Indian Territory, acting by and under the Commissioner of Indian Affairs, with the approval of the honorable Secretary of the Interior. Said removal was made by order of the Commissioner of Indian Affairs, with the approval of the Secretary of the Interior, under section 2149 of the Revised Statutes of the United States, because the presence of said defendant in said Chickasaw Nation was, in the judgment

(36)

of said commissioner, detrimental to the peace and welfare of the Indians, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America." To this indictment the defendant (appellee) filed demurrer, which is as follows: "Now comes the defendant, and demurs to the indictment herein, and says that the same states no offense against the law. Further specially excepting defendant says that said indictment shows that defendant was removed under the provisions of section 2149 of the Revised Statutes of the United States, and under the law there is no penalty provided for a return after a removal under the provisions of said section. Further specially excepting defendant says that under the provisions of the laws of the United States no criminal proceeding is authorized against a person who returns to the Indian Territory after having been removed as alleged in said indictment. Of all which he prays judgment of the court." The demurrer to said indictment was sustained, the judgment of the court being as follows: "Comes on now to be heard the demurrer of the defendant to the indictment herein, and the court, after hearing said demurrer, and being fully advised in the premises, doth sustain said demurrer, and that this cause be, and the same is hereby, re-referred to the grand jury." Exception was taken to the ruling of the court in sus- taining the demurrer to the indictment, and thereafterwards there was filed with the clerk of the Court of Appeals the assign- ment of errors in said cause, which assignment of errors is in words and figures as follows, to wit: "Comes now the United States, by its attorney William B. Johnson, and says that in the trial and proceedings of the above-entitled cause the fol- lowing errors were committed, viz.: First. The court erred in sustaining the demurrer of the defendant to the indictment returned herein, and holding that the offense with which defen- dant was charged could not be prosecuted in a criminal action, but must be proceeded against as in civil action. Second. The

court erred in rendering judgment on said demurrer and dis-
missing the indictment."

*William B. Johnson* and *James E. Humphrey*, for
appellant.

*Potterf & Bowman* and *W. O. Davis*, for appellee.

GILL, C. J. In order to a full understanding of the matters
presented in this case upon the record and to be reviewed herein,
it will be necessary to set out the United States statutes bearing
upon the subject of removals from the Indian country and the
return to such country of the person so removed. The indict-
ment is headed "Indictment for Violation of Section 2148,
R. S. U. S." In the body of the indictment it is charged that
said removal was made by order of a Commissioner of Indian
Affairs, with the approval of the Secretary of the Interior,
under section 2149, Rev. St. U. S., because the presence of the
defendant (appellee) in said Chickasaw Nation was, in the
judgment of said commissioner, detrimental to the peace and
welfare of the Indians.

Sections 2147, 2150, Rev. St. U. S., were enacted by
Congress June 30, 1834. Section 2147 reads as follows: "Sec.
2147. The Superintendent of Indian affairs, and the Indian
agents and subagents, shall have authority to remove from the
Indian country all persons found therein contrary to law; and
the President is authorized to direct the military force to be em-
ployed in such removal." Section 2150 provides how the mili-
tary may be employed in apprehending persons violating the
law. Thereafter, and on August 18, 1856, Congress enacted
section 2148, which reads as follows: "Sec. 2148. If any person
who has been removed from the Indian country shall thereafter
at any time return or be found within the Indian country, he
shall be liable to a penalty of one thousand dollars." Now, the

indictment charges the removal of the defendant from the Indian country under section 2149, which section was enacted June 12, 1858, and which section is as follows: "Sec. 2149. The Commissioner of Indian affairs is authorized and required, with the approval of the Secretary of the Interior, to remove from any tribal reservation any person being therein without authority of law, or whose presence within the limits of the reservation may, in the judgment of the commissioner, be detrimental to the peace and welfare of the Indians; and may employ for the purpose such force as may be necessary to enable the agent to effect the removal of such person." It may be safely asserted that at the time of the enactment of section 2148 Congress did not have in view the condition of affairs requiring the enactment of section 2149, but was intending to provide a penalty for violations of the law which existed and were in force on the date when such section was enacted. The compiler of the statutes, in arranging these sections, had reference to the subject matter, and because they are arranged seriatim does not in any wise alter or affect the status of the sections as they affect the rights and duties of officials or citizens. These rights and duties are fixed by the law itself with reference to its meaning and intent, and not by the mind of any compiler thereof. The compilation, as prepared, was not re-enacted as the laws of the United States, but was to be received as legal evidence of such laws in all courts of the United States and of the several states therein. Section 2, Act June 20, 1874, c. 333, 18 Stat. 113 (U. S. Comp. St. 1901, p. 3757.)

The question to be decided in this case is, how shall the penalty provided for in section 2148 be recovered? Shall it be recovered as a fine in a criminal action, or shall it be recovered in a civil action? There can be no doubt in the mind of the court that the liability provided for in section 2148 is incurred where the return is made after removal in accordance with section 2149.

If any one has been removed from the Indian country, and shall thereafter at any time return, or be found within the Indian country, he shall be liable to a penalty of $1000. Now, that liability is incurred by reason of disobeying the laws of the United States in reference to a return of the party to the Indian country. But the question as to whether this liability shall be recovered by indictment and a fine upon a trial as a criminal action, or whether it shall be recovered by civil action in the nature of an action for debt, is more difficult. It seems to have peen passed upon directly by the Supreme Court of Oklahoma in the case In re Seagraves (Okl.) 48 Pac. 272, in which court it was held: "Section 2148, Rev. St. U. S. which provides, 'If any person who has been removed from the Indian country shall thereafter at any time return or be found within the Indian country, he shall be liable to a penalty of one thousand dollars,' is not a criminal statute, but only renders the intruder liable to the penalty therein named; and this penalty under section 2124, Rev. St. U. S. is recoverable 'in an action in the nature of an action of debt, in the name of the United States, and cannot be enforced by a criminal proceeding; and where a party charged with the violation of section 2148 was prosecuted criminally, and fined $1000, and ordered committed until discharged by due process of law, and imprisoned upon this judgment, the party is discharged upon her petition for a writ of habeas corpus." The cases cited by appellant in its brief are not directly upon the question involved, and, while the contention of appellant that the United States may elect as to the remedy whether to proceed on indictment, or whether to proceed as a civil action in the nature of an action for debt, is ably presented, we are of opinion that, as to the particular section involved, the remedy is by civil action, instead of criminal action. Said section 2149 does not declare a return to the Indian country by a person removed to be a crime at all. It simply provides that, if a person return to the Indian country, he is liable to a penalty of $1000. The

sum is fixed. By his act he incurs the liability, and the same must be recovered as a penal liability by civil action in the nature of a debt, the amount being fully liquidated and established by the law, and we are of opinion that the opinion of the Supreme Court of Oklahoma correctly lays down the proper rule in this class of cases. And, such being our opinion, the decision of the lower court in sustaining this demurrer and ordering the case re-referred to the grand jury was correct, and ought to be, and is hereby, affirmed.

CLAYTON and RAYMOND, JJ., concur.