CHICAGO, R. I. & P. RY. CO. v. TERRITORY OF OKLAHOMA.

No. 154.    Opinion Filed November 11, 1909.

(105 Pac. 677.)

**GAME—Receiving for Transportation—Recovery of Statutory Penalty—Venue—"Offense."** The violation of section 4, c. 15, p. 168, Laws Okla. T. 1903, which provides: "It shall be unlawful for any railroad company, express company, or other common carrier, their officers, agents, or servants, to accept or receive within this territory any of the game mentioned in section 1 of this act for the purpose of carrying or transporting the same to any other place, either within or beyond the limits of this territory, or in any manner handle the same in any way. Any railroad company, express company, or other common carrier, or private individual who shall, through itself, himself, or its agent, servant or employee violate any of the provisions of this section, shall forfeit and pay to the territory of Oklahoma, for each violation thereof, the sum of five hundred dollars, to go to the common school fund of said county, together with all costs of suit, including a fee of one hundred dollars to go to the county attorney bringing said suit, to be recovered in a civil action to be instituted by the county attorney of the county wherein said suit is brought. which sum of five hundred dollars, and costs of said suit shall be collected upon execution as in civil cases"—constitutes an offense within the meaning of section 10 of the Organic Act (Act Cong. May 2, 1890, c. 182, 26 Stat. 87), and a civil action brought for the recovery of the statutory penalty must be prosecuted and tried within the county where the violation is alleged to have occurred.

(Syllabus by the Court.)

*Error from District Court. Garfield County; M. C. Garber, Judge.*

Action by the Territory of Oklahoma against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*C. O. Blake, H. B. Low.* and *Roberts & Curran,* for plaintiff in error.—Citing: *U. S. v. Chouteau,* 102 U. S., 603; *Huntington v. Attrill,* 146 U. S. 657, 13 Sup. Ct. 224; *A., T. & S. F. Ry. Co. v. State ex rel.,* 22 Kan. 1; 21 A. & E. Enc. of Law p. 830; Organic Act Okla. T., sec. 10; *Kirby v. W. U. Tel. Co.* (S. Dak.) 57 N. W. 203.

*Charles West*, Atty. Gen., and *Chas. L. Moore*, Asst. Atty. Gen., for the Territory.

KANE, C. J. This was an action, commenced by the territory of Oklahoma, as plaintiff below, against the Chicago, Rock Island & Pacific Railway Company, as defendant below, to recover the penalty for the violation of section 4, c. 15, p. 168, Laws Okla. T. 1903. Section 4 provides that:

"It shall be unlawful for any railroad company, express company, or any other common carrier. their officers, agents or servants, to accept or receive within this territory any of the game mentioned in section 1 of this act, for the purpose of carrying or transporting the same to any other place, either within or beyond the limits of this territory, or in any manner handle the same in any way. Any railroad company, express company, or other common carrier, or private individual, who shall, through itself, himself, or its agent, servant or employee, violate any of the provisions of this section, shall forfeit and pay to the territory of Oklahoma, for each violation thereof, the sum of five hundred dollars, to go to the common school fund of said county, together with all costs of suit, including a fee of one hundred dollars to go to the county attorney of the county wherein said suit is brought, which sum of five hundred dollars, and costs of said suit, shall be collected upon execution as in civil cases."

The petition was filed in the district court of Garfield county, and alleged, in substance: That the defendant is a corporation, organized under the laws of a state of the United States; that on the —— day of November, 1906, through its agents, servants, and employees, at the city of Okeene, county of Blaine, Okla. T., it did then and there unlawfully accept and receive a large amount of quail for the purpose of carrying and transporting the same from the city of Okeene, Blaine county, territory of Oklahoma, to the city of Chicago, state of Illinois, and on the 30th day of November, 1906, was handling, carrying, and transporting the same in and through Garfield county, Okla. T., contrary to the provisions of section 4, c. 15, p. 168, Laws Okla. T., 1903, and prayed judgment against the defendant for the sum of $500, for the use and benefit of the common school fund, together with an attorney's fee of $100. Thereafter the defendant appeared and demurred to

the petition filed therein for the reasons: First, that it appears on the face of the petition that the court had no jurisdiction of the subject of said action; second, that said petition does not state facts sufficient to constitute a cause of action. Thereafter the demurrer to plaintiff's petition was overruled, and defendant permitted to file a motion to make petition more definite and certain. On the 7th day of January, 1907, defendant filed a motion to make petition more definite and certain, by requiring plaintiff to state the day on which said quail were received by the defendant, to require plaintiff to state the party from whom said quail were received, and to allege the number of said quail, and the manner in which they were packed and shipped, which motion was by the court sustained. Plaintiff amended its petition by interlineation, alleging that defendant received the quail on the 30th day of November, 1906, and that the quail were packed in egg cases or boxes and loaded in a freight or box car, to which amended petiiton defendant filed a demurrer, on the grounds: First, that the court had no jurisdiction of the person of the defendant, or the subject of the action; second, that there is a defect in parties plaintiff; third, that several causes of action are improperly joined; fourth, the petition does not state facts sufficient to constitute a cause of action. Later said demurrer was overruled, to which ruling of the court defendant excepted. Thereafter the defendant filed its answer, alleging that the court had no jurisdiction over the defendant or subject-matter, that the petition did not state facts sufficient to constitute a cause of action against the defendant, and a general denial. Thereafter trial was had before the court and jury, resulting in a verdict for the plaintiff in the penal sum of $500 and $100 attorney's fee, upon which verdict judgment was duly rendered. At the time of rendering the verdict, the jury made special findings as follows:

"(1) If you find that defendant company accepted and received any quail as charged, state when and where it received them. A. On or about November 28, 1906, Okeene, Blaine county, Okla. (2) Did the defendant company, or any of its agents, know at the time it received said quail, if you find any were re-

ceived, that such quail were being received as charged? A. They could have known."

Thereupon the defendant moved the court for judgment upon the special findings, and later the defendant moved the court to set aside the verdict herein and grant a new trial for the following reasons: First, misconduct of the territory's counsel in testifying to and commenting upon the pretended agency of the drayman and shipper of the game involved in this suit; second, excessive damages appearing to have been given under the influence of passion and prejudice; third, that the verdict is not sustained by sufficient evidence; fourth, that the verdict is contrary to law; fifth, errors of law occurring at the trial and excepted to by the party defendant. Thereafter the court overruled the defendant's motion for a verdict on the special findings, and overruled defendant's motion for a new trial, to which rulings defendant duly excepted, and on the same day judgment was rendered on the verdict in favor of the plaintiff and against the defendant for the penal sum of $500 and $100 for the use of the attorney for the plaintiff, with costs of suit. To reverse the order overruling the defendant's motion for new trial and judgment on the special findings, defendant instituted its proceeding in error in this court.

At the commencement of the trial, and before any evidence had been introduced, counsel for the defendant moved the court to require the territory to elect upon which one of the two charges contained in the petition it would stand, and counsel for the plaintiff stated:

"I am standing upon that petition—that it does not charge two offenses. It charges the offense of accepting and receiving quail for the purpose of transportation and carriage; that on the same day they were transporting them through this county."

The contention of counsel for plaintiff in error is that the offense defined in section 4 is the accepting or receiving of the game for the purpose of carrying or transporting. The offense is committed when the carrier accepts or receives the article, and that under section 10 of the Organic Act (Act Cong. May 2, 1890, c. 182, 26 Stat. 87), which provides: "All offenses committed in

said territory, if committed within any organized county, shall be prosecuted and tried within said county"—this offense ought to have been prosecuted and tried in Blaine county, and therefore the district court of Garfield county was without jurisdiction therein, notwithstanding the form of action for the recovery of the penalty may have been a civil action. That the violation of section 4, *supra*, constitutes an offense, is plain. An "offense" is defined in 21 A. & E. Enc. of Law, p. 830, as follows:

"An offense is a breach of the law established for the protection of the public, as distinguished from an infringement of mere private rights. * * * The word is used as a genus, comprehending every crime and misdemeanor, or as a species, signifying a crime not indictable but punishable summarily or by the forfeiture of a penalty."

A great many authorities are cited in support of this doctrine. It seems that the fact that a statute penalty is made recoverable by a civil action does not change the penal character of the recovery. In the case of *United States v. Chouteau et al.,* 102 U. S. 603, 26 L. Ed. 246, the Supreme Court of the United States held:

"The term penalty involves the idea of punishment, and its character is not changed by the mode in which it is inflicted, whether by a civil action or a criminal prosecution."

The same question was under consideration in *Huntington v. Attrill,* 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123, where the rule is stated as follows:

"The test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual. According to the familiar classification of Blackstone: 'Wrongs are divisible into two sorts or species: Private wrongs and public wrongs. The former are an infringement or privation of the private or civil rights belonging to individuals, considered as individuals; and are thereupon frequently termed civil injuries. The latter are a breach and violation of public rights and duties, which affect the whole community, considered as a community, and are distinguished by the harsher appellation of crimes and misdemeanors.' "

A case which to us seems to be in point is *Atchison, T. & S.*

*F. R. Co. v. State ex rel. Marion Sanders,* 22 Kan. 1, where the
Supreme Court of that state uses the following language:

"Counsel for Sanders seem to contend that the penalty im-
posed in the present case is not a fine because it is not imposed in
a criminal action, but is imposed in a civil action. It is true that
the present action is in form a civil action; and, without stopping
to inquire whether it is rightfully so or not, we would say that we
think it can make no difference whether we call it civil or criminal.
It is actually prosecuted in the name of the state of Kansas, as a
punishment for a breach of a penal statute, and it might have
been prosecuted in form as a criminal action. See said section
307, Gen. St. 1868, p. 383, c. 31. Besides, courts look to the sub-
stance of things and not to mere forms. This is especially true
when construing great and important constitutional provisions.
The procedure for the trial of causes is a very unimportant thing
in determining the nature and character of such causes. The
Legislature might change the procedure for the trial of cases of
murder in the first degree, or for any other crime, so as to make
such procedure similar in almost all respects to that for the trial
of civil actions, and might call such action a civil action; and yet,
by merely so changing the procedure and the name of the action
(not changing the punishment), it could not deprive the defend-
ant of his right under the Constitution to a trial by a jury, to
meet the witnesses face to face, to be tried in the county or dis-
trict where the offense was committed, or to refrain from being
a witness against himself. The offense would still be a criminal
offense under the Constitution, whatever the procedure, or what-
ever the offense might be called."

Applying the principles laid down in the foregoing cases to
the case at bar, it follows that the violation of section 4, *supra,*
charged against the railroad company, constitutes an offense
committed in said territory, and, as it was committed in
an organized county, it must be prosecuted and tried in such
county whether the offense is in form civil or criminal, as
provided by section 10 of the Organic Act. The petition charged,
and the evidence proved, and the jury in the special findings de-
clared, that the quail were received for the purpose of shipping
them from Okeene, Okla. The offense should have been prosecuted
and tried within that county. The Attorney General, in his brief,
states that:

"While successful action might have been maintained by the officers of Blaine county as to this particular shipment, their failure to act would not defeat the rights of the state, nor preclude the officers of Garfield county from acting when the same continuing act ripened into an offense in the latter county. * * * That the handling, carrying, and transporting of the forbidden quail through Garfield county was an offense therein, and is the specific charge for which the penalty was laid in this case."

This was not the theory of the prosecution in the court below. Upon the defendant's moving the court to require the territory to elect upon which one of the two charges contained in the petition it would stand, counsel stated:

"I am standing upon that petition—that it does not charge two offenses. It charges the offense of accepting and receiving quail for the purpose of transportation and carriage. That on the same day they were transporting them through this county."

We agree with counsel in this statement. We think the petition states but one offense, and that it charges the offense of receiving and accepting quail for the purpose of transportation and carriage.

As this offense was committed in Blaine county, it follows that the judgment of the court below must be reversed, and the cause remanded, with directions to dismiss the same for want of jurisdiction.

All the Justices concur.