## DICKINSON et. al. v. STATE.

No. 8892—Opinion Filed April 30, 1918.

(172 Pac. 791.)

### 1. Criminal Law—Appellate Jurisdiction.

A violation of chapter 74, Sess. Laws 1915, is a misdemeanor, and appeal from the judgment of the trial court in an action brought under such statute lies to the Criminal Court of Appeals and not to the Supreme Court.

### 2. Same—Motion to Dismiss.

Even though no motion to dismiss appeal is made, the Supreme Court of Oklahoma will not entertain an appeal in a criminal action.

(Syllabus by Stewart, C.)

Error from County Court, Grant County; C. W. Stephenson, Judge.

The county attorney of Grant county filed information on behalf of the State as plaintiff against Jacob M. Dickinson and H. U. Mudge, receivers of the Chicago, Rock Island & Pacific Railway Company. Judgment for complainant, and defendants bring error. Appeal dismissed.

C. O. Blake, John E. Du Mars, R. J. Roberts, and W. H. Moore, for plaintiffs in error.

Opinion by STEWART, C. On the 16th day of October, 1915, the county attorney of Grant county, Okla., filed a duly verified information in the county court of such county against the defendants reading as follows, to wit:

"I, the undersigned, county attorney of said county, in the name, and by the authority, and on behalf, of the state of Oklahoma, give the court to know and be informed: That Jacob M. Dickinson and H. U. Mudge are the legally appointed, duly qualified, and acting receivers of the Chicago, Rock Island & Pacific Railway Company, a corporation. That said Jacob M. Dickinson and H. U. Mudge, as the receivers of the Chicago, Rock Island & Pacific Railway Com-

pany, a corporation, are operating a railroad in the state of Oklahoma, which said railroad runs through said state as a part and portion of what is commonly called the Rock Island System and this particular division extends from Chicago, in the state of Illinois, by way of Kansas City, Mo., and to. Galveston in the state of Texas. That said railroad runs through Grant county, Okla., and through the town of Medford. in said county, which town is the county seat of said county. That said defendants Jacob M. Dickinson and H. U. Mudge, as such receivers of the said Chicago, Rock Island & Pacific Railway Company, a corporation, did then and there on the 22d day of June, 1915, run and operate on said railroad running through Medford, the county seat of Grant county, and through said county and state as aforesaid a passenger train numbered 32 and commonly called and known as the Firefly, which said train was then and there run. operated. and used for conveying passengers for hire from points or stations in said state; that is to say that said train stopped at Ryan, Duncan, Chickasha, Kingfisher, and Enid in said state of Oklahoma, for the purpose of receiving passengers desiring to ride on such train and for the purpose of delivering passengers desiring to get off at such stations. That said train was engaged in intrastate passenger business in said state of Oklahoma, and passed through said town of Medford, the county seat of Grant county, and said defendants as such receivers aforesaid did then and there unlawfully fail and refuse to stop said train at the depot at Medford, the county seat of Grant county for the purpose of receiving passengers desiring to ride on such train and for the purpose of delivering passengers desiring to get off at said station. Contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Oklahoma."

After filing demurrer to the information, which was overruled, the defendants filed a written plea which they called an answer. The cause was heard on an agreed statement of facts before the court without a jury, resulting in a finding for the state and against the defendants and a judgment against the defendants for $100 and costs. By written stipulation it is agreed that the action was brought under chapter 74 of the Session Laws of 1915, the first section of which chapter declares it unlawful for a railroad running passenger or mixed trains through this state and engaged in intrastate passenger business, excluding trains engaged only in interstate passenger business, to fail to stop at the depot in each county seat by or through which such trains may run. The chapter consists of two sections: the latter section reading as follows:

"Any company, corporation, lessee or receiver owning or operating a railroad in this state, or running into or through this state, violating the provisions of. section 1 of this act shall be guilty of a misdemeanor and upon conviction shall be fined in any sum not exceeding $100.00 for each offense, and each failure to stop any such train engaged in intrastate passenger business at any county seat for the purpose of receiving or discharging passengers shall be and will constitute a separate offense."

Notwithstanding that the statute declares the offense charged to be a misdemeanor and finable as such, the defendants have appealed to this court on the theory that the action is a civil proceeding, and in support of such theory counsel cite the following cases: In re Seagraves, 4 Okla. 422, 48 Pac. 272; Chicago, Rock Island & Pacific Ry. Co. v. Territory, 25 Okla. 238, 105 Pac. 677; State v. Zillmann, 121 Wis. 472, 98 N. W. 543. We cannot agree with counsel that the proceedings had were civil in their nature, and hence reviewable in this court on appeal. To do so would render it necessary for us to construe away the plain language of the statute. No civil action is authorized, and the information was necessarily the commencement of a prosecution for a misdemeanor and not a suit by the state for the recovery of a penalty or forfeiture.

In the case of In re Seagraves, supra, cited by defendants, the court construed a statute of the United States declaring that any person who has been removed from the Indian country and shall thereafter return thereto shall be liable for a penalty of $1,000, recoverable in an action in the nature of debt in the name of the United States. The court very correctly held that such penalty could not be enforced by criminal proceedings: the statute only authorizing the recovery in a civil action. In Chicago, Rock Island & Pacific Ry. Co. v. Territory, supra, the court construed section 4, chapter 15, of the Laws of Oklahoma Territory, 1903 Code, which authorized the county attorney to bring a civil action for a penalty of $500 for the benefit of the common schools of his county against any common carrier who accepted and received for shipment and transportation any game the shipping of which was inhibited. The county attorney of Garfield county began a civil action against the Chicago, Rock Island & Pacific Railway Company for recovery under such statute, and the court merely held that, as the evidence showed that the offense was committed in Blaine county, the venue of the action was in that county and not in Garfield county. In State v. Zillmann, supra, the question of the action being a criminal or civil proceeding was not involved; the court

therein passing upon the civil liability, under a Wisconsin statute, of members of the board of review who had intentionally omitted or agreed to omit from assessment property liable for taxation. None of the cases cited have the remotest bearing upon the proposition advanced.

While there is no motion to dismiss the appeal, yet this court will take notice of the limits of its jurisdiction, and will not assume jurisdiction vested by statute solely in the Criminal Court of Appeals.

The appeal should have been taken to the Criminal Court of Appeals, and this court is without jurisdiction to entertain same. The appeal therefore is dismissed.

By the Court: It is so ordered.